JAMES CHARLES WILLIAMS V. STATE

No. 34,468.   April 4, 1962

No attorney for appellant of record on appeal.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Jon N. Hughes, Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is murder without malice (Art. 802c V.A.P.C.); the punishment, 3 years.

The evidence shows that appellant was driving a Cadillac automobile; that he failed to stop at a stop sign at an intersection, and without reducing his speed ran into the side of the Chevrolet automobile driven by Donald R. Higgenbotham; that Higgenbotham died several weeks thereafter as a result of the injuries he received in the collision, without regaining consciousness.

Officers who observed appellant at the scene testified that he said he was the driver of the Cadillac; that he had been drinking, and that he did not see the stop sign.

One of the officers, Accident Investigator Lewis M. Elliott, testified that appellant's hair was dishevelled, his eyes were bloodshot, and that he could not answer a question without backing up and starting the sentence over again; that appellant had a strong odor of an alcoholic beverage about his person and breath; that he had difficulty in maneuvering and in his ability to stand erect; that he had a weaving motion about him, and that he formed the opinion that appellant was intoxicated. He also testified that the other occupant of the car, a female, had the odor of alcoholic beverage on her breath.

Deputy Sheriff P. A. Cashiola, who observed appellant and talked to him at the scene and identified the vial of blood taken from appellant in his presence some 2 hours after the collision, expressed the opinion that appellant was intoxicated.

The evidence shows that the blood of appellant contained nineteen hundredths of one percent alcohol by weight, the point at which a person with the greatest tolerance to the effect of alcohol is intoxicated being ten hundredths of one percent.

The appellant testified. His version of the accident was that he applied the brakes, and they failed to hold; that he had been checking the brakes and had put brake fluid in the master cylinder; that he had not been drinking prior to the accident; that he walked around and talked to several people for close to an hour after the collision before he was asked to get in the sheriff's car. He estimated that it was around 30 minutes after he got in the car before they left the scene of the accident, and that he lost consciousness and when he came to the next day he was in the hospital.

Appellant's witness Robert McAfee, Jr., detective with the Houston Police Department, testified that he had some conversation with appellant at the scene of the collision; that he did not smell any alcoholic beverage on him, though he was close enough to him to tell and that appellant was sober. He testified on cross-examination that he was in the wholesale gasoline business and that appellant was his customer.

On his cross-examination appellant testified that after the accident and after he was away from McAfee, someone handed

him a bottle and he drank from it, and if the blood test showed he was drunk, it was the alcohol he took after the accident.

The witnesses Cashiola and Elliott were recalled in rebuttal. Cashiola testified that he arrived at the scene of the collision about 3 minutes after he received the call; that it could have been 5 minutes at the most from the time he arrived until he saw appellant and placed him in the sheriff's car, and that appellant did not at any time say that a brake failure was the reason he did not stop.

Elliott's testimony was to the same effect.

The jury accepted the state's version and rejected appellant's claim that a brake failure was the cause of the accident, and that he had not been drinking prior thereto.

No brief has been filed in appellant's behalf.

Two claims for reversal appear to warrant discussion.

Appellant excepted to the court's refusal of his special charge which would have instructed the jury in effect that if they believed or had reasonable doubt that the defendant was operating the motor vehicle in a manner the same would have been operated by a person who was not intoxicated, and that the collision or accident was caused by the defective condition of the mechanism of the motor vehicle, they should acquit.

The court in his charge required the jury, in order to convict, to find beyond a reasonable doubt that appellant was intoxicated, and that the fact he was intoxicated was the cause of or contributed to the cause of the collision. The jury was also instructed that even though they found that appellant was intoxicated at the time, he would not be guilty of murder if he was operating the automobile in a manner such as a person not under the influence of intoxicating liquor would operate it.

The charge as given appears to have been sufficient to protect appellant's rights, and the refusal of the requested charge was not prejudicial or reversible error. McKinnon v. State, 159 Texas Cr. Rep. 65, 261 S.W. 2d 335.

During the cross-examination of the appellant he was asked: "Do you have any witnesses here to testify to your good character?"

The court promptly sustained the objection made by appellant's counsel (which stated no ground), and instructed the jury when requested to do so, not to consider the question.

In view of the court's ruling and instruction, the overruling of appellant's motion for mistrial is not ground for reversal.

The evidence is sufficient to sustain the jury's verdict and we find no reversible error.

The judgment is affirmed.