452

**Dearl Ray COTTEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39657.**

Court of Criminal Appeals of Texas.

June 8, 1966.

Rehearing Denied Oct. 19, 1966.

C. O. McMillan, Stephenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Judge.

The offense is murder (Art. 802c Vernon's Ann.P.C.); the punishment, 5 years.

Appellant's amended motion for new trial was overruled and notice of appeal was given on October 14, 1965.

Reversal is sought upon three grounds. The first is the overruling and refusing of the defendant's motion for change of venue.

The state contends that this claim of error is not properly before this court.

Two motions for change of venue appear in the transcript. The first was filed June 21, 1965. The second was filed September 15, 1965. Both motions were controverted.

There is nothing in the transcript to show any action of the court or any exception relating to either of said motions.

The record includes a statement of facts relating to a hearing on defendant's motion for change of venue held on September 15, 1965, at the conclusion of which the court ruled: "I will carry your motion along and see how the jury looks," to which counsel for the state and appellant's counsel replied "All right."

The statement of facts relating to the trial on the merits reflects that before the jury selected was sworn the court announced that he had overruled the defendant's motion for change of venue and appellant's counsel noted his exception and it was agreed between the court and appellant's counsel that 6 jurors of the regular panel disqualified on the ground of having an opinion; two on suspended sentence, and one had some folks that had been killed or were involved in an accident.

We agree with the state's contention that the question of whether the trial court abused his discretion in not changing the venue is not properly before us as an informal bill of exception.

Assuming that the question is before us, there is no showing in the record that appellant's trial was influenced by the prejudice claimed to exist or that such prejudice reached the jury box.

The record does not reflect the voir dire examination of the jury panel and there is no showing that appellant exhausted his peremptory challenges or that any objectionable juror served in the case.

No error is shown in the overruling of the motion for change of venue. Johnson v. State, 156 Tex.Cr.R. 534, 244 S.W.2d 235; Phillips v. State, 168 Tex.Cr.R. 463, 328 S.W.2d 873, and cases cited; Hagans v. State, Tex.Cr.App., 372 S.W.2d 946.

■ Appellant next complains that the evidence is insufficient to sustain the conviction.

Viewed from the standpoint of the state, the evidence shows:

Dwayne Sowell was driving his car toward Brownwood about 7:30 P.M. Jacky Wilson was riding with him.

Appellant was driving an automobile on the four lane street in the opposite direction without lights and across the center line in Sowell's lane of travel. Sowell swerved to the right to avoid him.

After passing the Sowell car appellant's car, traveling in the same lane, collided with another car traveling toward Brownwood in which Martha Loraine Miller was a passenger, causing her death.

Dwayne Sowell testified that he had an opportunity to observe appellant following the accident and noticed the odor of alcohol about him. He expressed the opinion that appellant was intoxicated and testified that he based his opinion "first off on the strong odor of alcohol in his car" and "the way he acted when the door was opened and he was helped out of the car." He also testified there was a whiskey bottle in the car. On cross-examination, when asked if there was anything else on which he based his opinion that appellant was intoxicated, the witness testified: "Well, I would say that anyone driving at that time of night on the wrong side of the road without his headlights on would have to be something wrong."

Patrolman Homer Smith testified that he found "an empty fifth of Sunnybrook Whiskey bottle and also a pint about half full of Sunnybrook Whiskey" in appellant's automobile. He testified that from his observation of appellant at the scene of the accident and in the Emergency Room at the Medical Arts Hospital, he thought he was intoxicated.

Deputy Sheriff Ray Williams, the first officer to arrive at the scene after the accident and who assisted in prying off the door and getting him onto the stretcher, expressed the opinion that appellant was intoxicated and testified that he saw nothing about the car that would account for his condition other than being intoxicated.

Dr. Harry Thomas, who saw appellant at Medical Arts Hospital where he was first taken following the accident, testified that he asked him if he had had anything to drink and he "stated he had had about a half a pint of whiskey"; that he seemed

unconcerned about his injuries; refused to follow any advise he gave him; and that his reactions were consistent with those of a man who had been drinking and was under the influence of intoxicating liquor.

Dr. Seale T. Cutbirth, who also saw appellant at the Emergency Room of the Medical Arts Hospital, testified that from his observation of him he assumed that he was intoxicated.

Appellant testified that he was not intoxicated or drunk but that he did take "two small sips of whiskey" at different times during the afternoon; that J. C. Parnell, who was with him and had been with him during the day, was "real drunk" and that the whiskey in the car belonged to him.

Parnell corroborated appellant's testimony.

Appellant's explanation of the statement attributed to him by Dr. Thomas, which he said he did not remember making, was that Dr. Thomas wanted him to quit drinking and when he saw him would always ask: "How much did you drink yesterday?" and he would "usually say 'a fifth or two fifths' but I was only joking."

Other witnesses who were with appellant during the afternoon testified that he was not intoxicated, and his mother and his wife also testified in his behalf.

Also it was shown by the testimony that upon examination at the Brownwood Memorial Hospital at about 11:20 P.M., Dr. Roy Hallum failed to detect any odor of alcohol on appellant and testified that at that time he did not appear to be intoxicated.

Dr. Hallum also testified that about two days after he was admitted to the hospital appellant developed a hemorrhage like a black eye, which was not apparent when he entered the hospital, probably caused by a blow on the head.

Appellant testified that the tires on the Pontiac car he was driving were slick and one tire was a 15 inch while the others were 14 inch tires, he having borrowed the 15 inch tire and wheel the night before. He testified as to his version of the collision:

"Well, the car was weaving pretty bad, and I decided I'd come back to Billups service station and have the tire fixed, and I knew there was an intersection along in there somewhere, and I pulled over to start to make a left hand turn, and there was a car coming, and I tried to pull it back to the right, and I missed that car, and then it started pulling real hard to the left, and I suppose that something happened to the tie rod, or that flat, or something, I don't know what, but then there was a car light up on the edge of the hill that was blinding me and about that time the impact."

The jury did not see fit to accept appellant's testimony that he was not intoxicated as true and resolved the fact issues against him. We find the evidence sufficient to sustain their verdict.

■ We do not agree with appellant's contention that the testimony of the state's witnesses is as consistent with injury as with intoxication. Vasquez v. State, 166 Tex.Cr.R. 89, 311 S.W.2d 828, and Leal v. State, 170 Tex.Cr.R. 71, 338 S.W.2d 443, cited by appellant, are not deemed applicable under the facts.

■ Appellant next complains of the overruling of his exception to Paragraph 5 of the court's charge.

The jury was instructed in Paragraph 7 to the effect that even though the jury found that he was intoxicated, appellant would not be guilty of murder if he was operating his automobile in the same manner that it would be operated by one not under the influence of intoxicating liquor, and that in order to convict, the jury must find beyond a reasonable doubt that appellant's intoxicated condition, if any, caused the death of Martha Loraine Miller, and if

they had a reasonable doubt thereof to acquit.

We overrule the complaint that the jury was not so instructed in Paragraph 5 of the charge and was not instructed to consider the charge as a whole. We find no error which would call for reversal in the overruling of appellant's exception to the charge. Long v. State, 154 Tex.Cr.R. 587, 229 S.W.2d 366; McKinnon v. State, 159 Tex.Cr.R. 65, 261 S.W.2d 335; Williams v. State, 172 Tex.Cr.R. 218, 355 S.W.2d 710; Clayton v. State, 172 Tex.Cr.R. 595, 361 S.W.2d 385.

The judgment is affirmed.