**Robert HAYES**

v.

**The STATE of Texas.**

**No. 07–81–0019–CR.**

Court of Appeals of Texas, Amarillo.

May 20, 1982.

David Hamilton, Amarillo, for appellant.

Thomas A. Curtis, Dist. Atty., Steve Schiwetz, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted of involuntary manslaughter, § 19.05, Tex.Penal Code Ann. (Vernon 1974) * and punishment, enhanced by a prior felony conviction, was assessed at fifteen years in the penitentia-

* All section references are to the Texas Penal Code.

ry. Appellant presents nine grounds of error in this court. Concluding that none justify reversal, we affirm.

The evidence is undisputed that appellant consumed a quantity of alcohol, drove his vehicle the wrong way down a one-way street and collided with another vehicle at an intersection. An elderly couple in the other vehicle was killed and appellant was injured. The amount of alcohol consumed by appellant, the circumstances that caused him to be driving the wrong way on a one-way street, and various other matters, are sharply disputed and will be discussed where appropriate as we resolve appellant's grounds of error in order of their presentation.

■ In his first ground, appellant contends the trial court erred in charging the jury that appellant could be convicted if his intoxication "caused *or contributed to cause*" (emphasis added) the death of his victim. Appellant argues that the italicized phrase permitted conviction on a theory not alleged in the indictment and lessened the State's burden of proof.

Appellant went to trial under a two-count indictment alleging that, while intoxicated, he operated a motor vehicle and by reason of such intoxication he did "cause the death of" each of his victims. The State elected to go to the jury under the first count, which alleged appellant's responsibility for the husband's death. In paragraph four of the charge, the trial court advised the jury of the elements it must find beyond a reasonable doubt, stating in subparagraph 4(e) that the jury must find:

(e) that the intoxication, if any, of defendant then and there caused *or contributed to cause* the death of the said William Edgar Farris; or, put another way, the defendant, by the means aforesaid and by accident or mistake, by reason of said intoxication, caused the death of William Edgar Farris. (Emphasis added).

The thrust of appellant's argument is that the indictment alleges intoxication as the sole cause of death and the jury should not have been told it could convict if intoxication was only a contributing factor.

Appellant's argument overlooks the statutory definition of causation. Appellant was charged under § 19.05 which assesses responsibility for conduct that "causes" the death of an individual. Causation, i.e., that conduct "causing" the death, is defined in § 6.04 as follows:

§ 6.04. Causation: Conduct and Results.

(a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or *concurrently with another cause*, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. (Emphasis added).

\* \* \* \* \* \*

It is obvious that, under § 6.04, causation in the Texas Penal Code embraces both individual conduct and joint or concurrent conduct. Thus, when the indictment alleges in the language of the statute that appellant, while intoxicated, did "cause the death of" an individual, causation must assume the meaning set out in § 6.04, i.e., appellant caused the death "either alone or concurrently with another cause." That is the tenor of the court's instruction in paragraph 4(e) of the charge. We find no error in the instruction.

We also note that the language in question was approved by the Court of Criminal Appeals in *Yarborough v. State*, 160 Tex. Cr.R. 239, 268 S.W.2d 154 (1954). *See also* P. McClung, Jury Charges for Texas Criminal Practice, 84–85 (1981) and S. Willson, Texas Criminal Forms Annotated § 93.11 (8th ed. 1977) for methods of submitting causation. Ground of error one is overruled.

By his second ground, appellant attacks the failure of the trial court to admit a photograph tendered by appellant. The collision in question occurred at the intersection of 10th Street and Harrison Street in Amarillo, Texas. The photograph was of the intersection of 16th Street and Harrison Street and apparently was tendered to show

that one-way markings on Harrison Street were inadequate.

 Before a photograph is admissible, it must be material and must truly and accurately depict or represent its subject at a particular time. *Williams v. State*, 461 S.W.2d 614, 616 (Tex.Cr.App.1970). The materiality of the photograph is questionable, because it depicts an area several blocks from the scene of the collision and there is no evidence that appellant was driving on Harrison Street at the location depicted in the photograph. More important, however, the witness who was asked to identify the photograph was equivocal in his identification of it as a true and accurate representation of the intersection at the time of the collision. Although the witness stated, "As far as I can tell, it looks the same", he also stated that he "didn't know if there is any radical difference" and "I can't be positive it would look just like that." Confronted with that testimony, the trial court did not abuse its discretion in refusing to admit the photograph. *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Cr.App.1979). Ground of error two is overruled.

Appellant's third ground concerns the trial court's failure to admit testimony from a witness called by appellant that appellant suffered two "blackout spells" at the hospital two days after the collision. Appellant admitted having some drinks prior to the collision but denied he was intoxicated. Instead, he said, he was hit on the back of the head by some men who were helping him start his car, which was parked near a bar, and had no recollection of events thereafter until he awakened in the hospital. The testimony in question was offered to show that appellant was continuing to lose consciousness two days after the collision.

 We note that the witness was permitted to testify to the fact she was present in the hospital when appellant "blacked out or passed out," subsequent to the collision. The excluded testimony went into the matter in more detail, stating that it happened twice in the hospital room and that the witness sought assistance when it happened. In the absence of medical or other

evidence connecting the subsequent loss of consciousness to a head injury of the kind appellant stated he suffered before the collision, we cannot say the trial court abused its discretion. *Jackson v. State*, 575 S.W.2d at 570. Ground of error three is overruled.

 Next, argues appellant, his attorney should have been permitted to testify to his observations, approximately two and a half months after the collision, of the number of people driving the wrong way down Harrison Street in the vicinity of the collision. We observe, first, that a proper foundation was not established for the evidence, because there is no evidence that the physical conditions were similar at the time of the collision and at the time of the observations. *Esquivel v. State*, 595 S.W.2d 516, 529 (Tex.Cr.App.1980). Second, it is undisputed that appellant drove the wrong way and the fact that others did so is immaterial. *Sanders v. State*, 604 S.W.2d 108, 110 (Tex.Cr.App.1980). Finally, the evidence was cumulative because appellant had already secured testimony that it was not unusual for cars to travel the wrong way on Harrison Street in the vicinity of the collision. Ground of error four is overruled.

By his fifth ground of error, appellant contends the trial court erred in admitting the result of a blood alcohol test conducted on appellant. After appellant was transported to the hospital subsequent to the collision, a medical technician obtained a blood sample from appellant, at a doctor's request, and gave the sample to a lab technician. The lab technician tested the sample and testified that appellant's blood alcohol content was .22 percent. There is no evidence that law enforcement officers were involved in the taking of the blood sample.

 Appellant argues that the blood sample was unlawful search and seizure taken in violation of article 1, § 9 of the Texas Constitution. We note, initially, that appellant's argument must fail because the state was not involved in obtaining the blood sample. *See Vargas v. State*, 542 S.W.2d 151, 153 (Tex.Cr.App.1976) *cert. den.*

429 U.S. 1109, 97 S.Ct. 1144, 51 L.Ed.2d 562 (1977). Even if there had been state involvement, however, it would not have been error to admit the evidence. The recent Court of Criminal Appeals opinion in *Aliff v. State,* 627 S.W.2d 166 (Tex.Cr.App.1982) permitted a warrantless search via blood sample, obtained at the request of a law enforcement officer, under facts otherwise similar to those in the present case, because of "the exigency of rapidly dissipating alcohol." *Id.* at 170. The court stated that the action was permissible where the officers had not arrested the defendant but had probable cause to do so and the alcohol in the blood would be "quickly consumed and the evidence would be lost forever." *Id.* at 170. Thus, with or without state involvement, the trial court did not err in admitting the result of the blood alcohol test in this case. Ground of error five is overruled.

By his sixth ground, appellant contends he was entitled to a circumstantial evidence charge because of the absence of direct evidence that the collision was caused by appellant's intoxication. Appellant, citing *Daniel v. State,* 577 S.W.2d 231 (Tex.Cr. App.1979) argues that the State presented direct evidence of intoxication and of the victim's death, but failed to provide direct evidence of causation between intoxication and death.

■ There is direct evidence that appellant was intoxicated, drove a vehicle the wrong way down a public one-way street, collided with his victim's car and killed him in the collision. Thus, there is evidence on each element the State was required to prove. *Daniel v. State,* 577 S.W.2d 231, 233 (Tex.Cr.App.1979); *Eason v. State,* 423 S.W.2d 315, 317 (Tex.Cr.App.1968); *Gonzales v. State,* 169 Tex.Cr.R. 492, 335 S.W.2d 385, 386 (1960). The extent to which the intoxication impaired appellant and was a factor in causing the collision is a jury question that does not require a circumstantial evidence charge. *Parr v. State,* 575 S.W.2d 522, 527 (Tex.Cr.App.1978). Ground of error six is overruled.

■ By his seventh ground, appellant contends he was entitled to an instructed verdict because the evidence was insufficient to establish that the deaths in question were caused by his intoxication. The ground is overruled on the basis of the evidence discussed in the preceding point.

■ By his eighth ground, appellant asserts his right to an instructed verdict because the evidence was insufficient to prove appellant was intoxicated at the time of the collision. There was testimony from persons who saw appellant before and after the collision that supports a finding of intoxication. There also was evidence of a blood alcohol test result of .22 percent. The latter evidence alone is sufficient to support a finding of intoxication. Tex.Rev.Civ.Stat. Ann. art. 6701*l*–5 § 3(a) (Vernon 1977). Ground of error eight is overruled.

■ In his final ground of error appellant complains that a police officer's testimony should have been stricken because, during the trial, he was given what was mistakenly identified as the officer's accident report, for use in cross-examination. The document was, in fact, the report of another officer and so stated on its face. When the error was discovered, the officer had left the stand but was still available for cross-examination. He was not, however, recalled by appellant. Appellant has shown no harm resulting from what was apparently a good faith mistake by the State. Thus the error, if any, was harmless. Appellant's last ground of error is overruled.

The judgment of the trial court is affirmed.