Robert Roy ROBBINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–83–00020–CR.

Court of Appeals of Texas,
El Paso.

Feb. 22, 1984.

Rehearing Denied March 21, 1984.

Jim Vollers, Austin, for appellant.

William Mason, Dist. Atty., Ozona, Douglas M. Becker, Gray, Allison & Becker, Austin, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a jury conviction for the offense of involuntary manslaughter. The jury assessed punishment at five years imprisonment. We affirm.

■ In Appellant's Grounds of Error Nos. One and Two, he asserts that there is insufficient evidence to show beyond a reasonable doubt that Appellant caused the death of the individual named in the indictment, Emelinda Ramos. Appellant contends that the record does not show that the person transferred from the scene of the accident to the hospital was Emelinda Ramos. Officer Joseph Guiliano testified that when he arrived at the scene of the accident, he observed two "obviously unconscious" females in a significantly damaged automobile. The officer stated that Appellant told him at the scene that he drove the pickup that collided with the victim's automobile. Athelda Courtney, a registered emergency medical technician, testified that she helped to extricate a passenger from the automobile. She accompanied the victim to the hospital emergency room. Courtney stated she believed the victim's surname was Ramos. Dr. John Hundley testified he was called to the hospital to treat an accident victim whom he recognized as Emelinda Ramos. Hundley stated he had known the victim since birth; she had been his patient throughout her life. The State introduced a death certificate signed by Dr. Hundley reflecting that Emelinda Franco Ramos died on October 22, 1981, at 8:22 p.m. There is sufficient evidence demonstrating that Appellant's truck collided with an automobile in which Emelinda Ramos was a passenger, that Emelinda Ramos suffered injuries in the accident, and that Emelinda Ramos died shortly after the accident in the hospital emergency room from those injuries. See: *Hogan v. State*, 496 S.W.2d 594 (Tex.Cr.App.1973); *Kendrick v. State*, 481 S.W.2d 877 (Tex.Cr.App.1972); *Estrada v. State*, 422 S.W.2d 453 (Tex.Cr.App.1968). Grounds of Error Nos. One and Two are overruled.

The State alleged and offered sufficient evidence that Appellant was intoxicated at the time of the accident and that such intoxication was the cause of the collision and death. Appellant, by his own testimony and that of several witnesses, denied that he was intoxicated and attributed the accident to fatigue caused by lack of sleep. He had just completed three shifts of work at a drilling site, without any significant rest.

■ In Grounds of Error Nos. Three and Four, Appellant contends that the manner in which the court charged the jury on the issue of causation by intoxication in effect reduced the State's burden of proof below that required under Tex.Penal Code secs. 6.04 and 19.05(a)(2) (Vernon 1974). The penal statute requires that the death be "by reason of" the defendant's intoxication. The present indictment tracked the language of the statute, as did paragraph 4 of the charge, the application of the law to the facts. Paragraph 3 presented an abstract outline of the elements of the offense describing the necessary causal relationship as "the intoxication ... caused or contributed to cause the death ... by reason of said intoxication, caused or contributed to the death ...."

Paragraphs 5 and 6 provided special supplementary instructions on causation. Conviction necessitated a finding that "such intoxication, if any, caused the collision and death ... or contributed to cause the same." A verdict of not guilty should result from a finding or reasonable doubt that exhaustion from lack of sleep "caused" the death.

Within Grounds of Error Nos. Three and Four and the State's responses, both sides now confess that no charge even suggesting concurrent causation should have been given because of the state of the evidence. The conclusion is probably correct, albeit for a very different reason than that stated in their briefs. The difference is irrelevant, however, since neither side objected

to the charge on that basis. If the concurrent causation concepts of liability were properly presented via a paraphrase of Penal Code Section 6.04, then the error was to the benefit of the Appellant, expanding the range of evidence to which exonerating reasonable doubt could attach. If the charge did not present a sufficient paraphrasing of the "but for" concept of intoxication causation, then the error did in fact reduce the State's burden of proof and reversal would be necessary.

Penal Code Section 19.05(a)(2) requires the fatal accident to have been caused by reason of intoxication. The indictment and application paragraph of the charge correctly tracks this language. Section 6.04(a) establishes a requirement of a "but for" causal connection between the alleged conduct of the defendant and the alleged harm, in either a sole cause or concurrent cause situation. If concurrent causation is an issue, the defendant may be exonerated by a finding that the unalleged concurrent cause was clearly sufficient to produce the result and the alleged conduct of the defendant clearly insufficient. In an intoxication-fatigue conflict, guilt could be predicated upon finding that intoxication was the sole cause, intoxication was a sufficient cause with insufficient contribution by fatigue, both intoxication and fatigue were sufficient causes or both intoxication and fatigue were insufficient causes individually but sufficient when operating jointly. A verdict of not guilty would be required upon finding fatigue the sole cause or a sufficient cause with intoxication providing clearly insufficient contribution.

While the application paragraph properly expressed the elements of the offense and burden of proof, this Court must determine the probable effect of the abstract definition and the two supplementary instructions upon the jury's use of the application paragraph. Paragraph 3(e) expressed the intoxication relationship as "caused or contributed to cause the death ... caused or contributed to the death." Paragraph 5 required a finding that the intoxication "caused the collision and death ... or contributed to cause ...."

Appellant cites no authority dealing precisely with this problem. The State's authority, while helpful, is not controlling as suggested in its brief. With the exception of *Hayes v. State*, 634 S.W.2d 359 (Tex. App.—Amarillo 1982, no pet.), all cited cases dealt with prosecutions under former Penal Code Articles 42 and 802(c). While P. McClung, Jury Charges for Texas Criminal Practice, 87–89 (rev.1983), supports the phrasing utilized by the State, S. Willson, Texas Criminal Forms Annotated sec. 93.11 (Texas Practice 8th ed. 1977), contrary to the assertion in the State's brief, does not. The latter does not utilize the "caused or contributed to cause" language and suggests supplementary instructions expressly stating the "but for" standard of Section 6.04.

*Hayes* is of limited utility. The opinion quotes an application paragraph similar to the one employed in this case, but the remainder of the instructions are not revealed with any certainty. Furthermore, the ground of error raised in *Hayes* is entirely distinct from that at issue here. In *Hayes*, the Appellant alleged that a charge on concurrent causation was beyond the scope of the cause allegation in the indictment. No challenge was made to the "contributory" manner in which the jury was instructed.

The issue before us is whether the charge, viewed as a whole, adequately paraphrases the "but for" standard of causation. We conclude that it does. The use of the word "cause" is clearly a sufficient statement of the necessary relationship. The cases cited by the State present a potpourri of phrasings as to contributory causation: "cause of or contributed to the cause of," *Washington v. State*, 349 S.W.2d 724 (Tex.Cr.App.1961); *Williams v. State*, 172 Tex.Cr.R. 218, 355 S.W.2d 710 (1962); cause or "contributed as a cause," *Yarborough v. State*, 160 Tex.Cr.R. 239, 268 S.W.2d 154 (1954); "contributed to the same, or was a causal factor," *Clayton v. State*, 172 Tex.Cr.R. 595, 361 S.W.2d 385 (1962). In the present charge, the lan-

guage was "caused or contributed to cause ... caused or contributed to the death" [paragraph 3(e)] and "caused the collision and death ... or contributed to the same" (paragraph 5). As long as the alternative phrase addressing contribution is related verbally to the causal standard of Section 6.04, we believe the necessary "but for" relationship is satisfied. Under the present Penal Code, phrasings such as "contributed to" or "contributed to *the* cause" (i.e. contributed to some other legally sufficient cause) would not be sufficient. As suggested by the Appellant, they would permit conviction upon miniscule, legally insufficient contribution by intoxication. On the other hand, phrases such as "contributed as a cause" or "contributed as a causal factor" maintain the "but for" standard. The "contributed to cause" language in the present charge equates to the latter. One must resist the temptation in silent reading to insert a non-existent "the" into the phrase. Grammatically, the "to" should be treated as an infinitive form of the verb "cause" and not as an incomplete prepositional phrase. Consequently, the phrase dictates that the level of contribution must arise to the equivalent of legally sufficient causation. This is further required by joint consideration of paragraph 6, acquitting the Appellant for causation by fatigue.

Paragraph 3(e) presents two phrasings, one adequate and one inadequate ("contributed to the death"). In conjunction with the paragraphs 4, 5 and 6, however, any ambiguity is resolved in favor of the "but for" standard. The charges as a whole would lead the jury to a correct application of the legal standard under any of the seven evidentiary combinations noted above. We would urge the trial court, however, for future cases to scrutinize the distinction between evidence raising alternative causes and evidence raising concurrent causes. If the record presents the latter, adherence to the language of Section 6.04(a) is preferred. Grounds of Error Nos. Three and Four are overruled.

■ In Ground of Error No. Five, Appellant complains of the court's refusal to instruct the jury that for a verdict of guilty the State must prove each and every element of the offense beyond a reasonable doubt. Instead, the court instructed the jury that they must find "all of the foregoing elements beyond a reasonable doubt, or if you have a reasonable doubt as to the existence of any of said elements, you must acquit the Defendant of involuntary manslaughter." The given instruction adequately expressed the burden of proof and the requirement urged by the defense. Ground of Error No. Five is overruled.

■ In Ground of Error No. Six, Appellant asserts the court committed reversible error in overruling the Appellant's objection to the prosecutor expressing his opinion, that a police officer was an officer of the finest quality which Fort Stockton was lucky to have. During closing argument, the prosecutor stated: "[n]ow you will remember that we had two people tell you that he was intoxicated. We had a police officer of the finest quality, which Fort Stockton is lucky to have—". Appellant objected to the statement as being an expression of opinion and his objection was overruled. A prosecutor may not go outside the record to bolster the credibility of a witness. *Brown v. State*, 165 Tex.Cr.R. 535, 309 S.W.2d 452 (1958). However, if a statement is based upon an analysis of the evidence and is a reasonable deduction therefrom, the statement does not constitute improper argument. *Collins v. State*, 548 S.W.2d 368 (Tex.Cr.App.1976), cert. den., 430 U.S. 959, 97 S.Ct. 1611, 51 L.Ed.2d 811 (1977). The record reveals that the officer in question was a member of the El Paso Police Department for eight years prior to moving to Fort Stockton. During his career, he had investigated between 3,500 and 5,000 traffic accidents. He graduated in the top ten percent of his class at the El Paso Police Academy. He had received credited training in traffic investigation from Northwestern University, the Texas Department of Public Safety Academy and the New Mexico State Police Academy. The officer's credibility was never an issue. See: *Menefee v. State*, 614

S.W.2d 167 (Tex.Cr.App.1981). We hold that the statement of the prosecutor was a reasonable deduction from the evidence. Ground of Error No. Six is overruled.

In Grounds of Error Nos. Seven and Eight, Appellant complains of the court's failure to grant his motion for change of venue. Appellant filed his motion for change of venue, supported by two affidavits, on January 18, 1982. On the day of the hearing, the State filed a controverting affidavit which met the standards established by this court in *Turner v. State*, 641 S.W.2d 383 (Tex.App.—El Paso 1982). At the hearing, the State's affiant stated that she neither knew either of the persons who signed the affidavits for Appellant's motion for change of venue nor did she know anything about them. Appellant did not object to the State's controverting affidavit before, during or after the hearing upon his motion for change of venue. Appellant presented two witnesses at the hearing; neither of these persons had signed Appellant's original supporting affidavits. One witness testified he thought Appellant could receive a fair trial and the other, in effect, stated he didn't know. Appellant asserts that the State's controverting affidavit was false and that the testimony of the State's affiant rendered the affidavit void, therefore, the Appellant should have been granted a change of venue as a matter of law. If the State fails to file a controverting affidavit and the defendant proceeds to a hearing without objection, the defendant waives the failure of the State to file. *Lewis v. State*, 505 S.W.2d 603 (Tex.Cr.App.1974). Additionally, if the controverting affidavit is defective and the defendant proceeds to the hearing without objection, any insufficiency or defect in the State's controverting affidavit is not prejudicial. *Ward v. State*, 427 S.W.2d 876 (Tex.Cr.App.1968). Assuming the State's controverting affidavit was defective, the Appellant waived any error he might have by proceeding to the hearing and by failing to object at the appropriate time. *Freeman v. State*, 556 S.W.2d 287 (Tex.Cr.App.1977). Appellant also asserts that he reurged his motion for change of venue prior to trial and that the court denied this motion without a hearing. Appellant reasons that, as the State's controverting affidavit was proven to be false, there was no controverting affidavit and he should have been granted a change of venue as a matter of law. However, it nowhere appears in the record that Appellant ever objected to the State's controverting affidavit. As such, the same reasoning as outlined in the foregoing discussion applies. Ground of Error Nos. Seven and Eight are overruled.

In Ground of Error No. Nine, the Appellant claims that the trial court committed reversible error in overruling the Appellant's motion to quash the jury panel. Appellant contends that the selection of prospective jurors from the county voter registration lists was a violation of Tex. Code Crim.Pro.Ann. art. 33.01 et seq. (Vernon 1966 and Supp.1982). Appellant's argument has been explicitly overruled in *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App.1976), cert. den., 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977); *Shelby v. State*, 479 S.W.2d 31 (Tex.Cr.App.1972); *Nolan v. United States*, 395 F.2d 283 (5th Cir.1968). Appellant has failed to present any prima facie proof of discrimination or systematic exclusion of a cognizable group or class of qualified citizens. *Granviel, supra*. Ground of Error No. Nine is overruled.

In Grounds of Error Nos. Ten and Eleven, Appellant alleges error in permitting the State to elicit an opinion from bartendress Darlene Nichols as to Appellant's degree of intoxication based upon a photograph taken shortly after the collision. She testified that his appearance in the photograph ·suggested that he was "wasted," "that he has had too much to drink." Appellant objected as to the absence of a predicate. Nichols then described her experience in the bar, evaluating customer's conditions from appearance, speech and movement. Her earlier opinion as to Appellant's condition when he arrived was, however, based solely upon appear-

ance and was not objected to. Her evaluation of the photograph was clearly an attempt to convey to the jury the change in his appearance during the succeeding four hours. After further efforts to lay a predicate concerning the witness's past acquaintance with Appellant as a customer of the bar, the State attempted to reoffer the opinion before the jury. A defense objection was sustained and the jury instructed to disregard the answer. The court suggested that the State alter its approach, but the prosecutor declined any further inquiry. Error has not been preserved. The initial opinion was objected to, but the objection was not ruled upon immediately. Following an attempted predicate outside the presence of the jury, the court provided all of the relief requested by the defense. That portion of the witness's opinion which did reach the jury was within the scope of the witness's competency already before the jury without objection. Ground of Error No. Eleven is overruled.

■ During final argument, the prosecutor stated, "I wonder how many times she [Darlene Nichols] had seen him [the Appellant] wasted?" The witness had testified that Appellant had been a customer at the lounge on previous occasions. It was his custom to order just one beer. On the date in question, he had already been drinking when he arrived. He consumed two beers and left after discussing going to another bar with several other customers. Nichols was familiar with Appellant's appearance when he drank. Appellant testified that he frequented many of the local bars looking for workers, that Billie's Lounge (where Nichols worked) was one of those hangouts and that he would often consume beer while making these rounds. He further testified that he occasionally drank while driving and had many times been faced with a decision of whether or not he should continue driving after alcohol consumption. The prosecutor's argument falls on the border between speculation outside the record and inference from the evidence. In any event, the limitations of its persuasive utility are so apparent from the record that any error attending it must be viewed as harmless. Ground of Error No. Ten is overruled.

The judgment is affirmed.