Michael KILLOUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0347–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1984.

Jack R. Stern, Sugar Land, for appellant.

William A. Meitzen, Fort Bend Dist. Atty., Terry Breen, Fort Bend Asst. Dist. Atty., Richmond, for appellee.

Before DOYLE, BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

Michael Killough appeals from a conviction for the offense of aggravated robbery for which the jury assessed punishment at twenty years confinement. We affirm.

Two armed men robbed a bar in Richmond, Texas, in December, 1983, and shot a female patron in the course of the robbery. Police officers who investigated the crime scene and interviewed witnesses to the robbery testified as to witnesses' descriptions of the assailants and the pickup truck they used.

One patron chased the robbers after they fled the scene, despite the fact that one of the robbers shot at him while he was in pursuit, until the two vehicles collided. The witness testified at trial, describing the events of the chase in detail, identifying Jackie Ham as the robber who shot the female patron at the bar and who shot at him during the chase. He also identified the truck the robbers used.

Another witness testified that appellant robbed her at gunpoint while she was at a night depository, stealing from her a bank pouch and a pistol. She identified the pistol at trial and also identified appellant as the person who had robbed her. According to the witness's testimony, this robbery occurred at an earlier date than the robbery that was the subject of this appeal.

Jackie Ham, a co-defendant, testified at trial against appellant, claiming that appellant secured a pistol for Ham to use in the robbery; that appellant told Ham he had secured this pistol by robbing a woman at a night depository; that the two men went to the bar on December 4, 1983, with the express intention of "robbing" it; that they did in fact rob the people at the bar; that Ham shot the female patron during the robbery; that the two then fled in a pickup truck, and when a patron chased them, Ham fired at the pursuer; and that they then collided with the pursuing vehicle. Ham's testimony corroborated or was corroborated by all other evidence gathered at

the crime scene or offered by other witnesses in this case.

A physician testified as to his treatment of appellant, who came to the physician under an assumed name, for rib injuries that appellant had told him were the result of a "motorcycle accident."

Appellant argues in the first of his three grounds of error that the State's controverting affidavit to his motion for change of venue is defective, such as to entitle him to a change of venue as a matter of law.

Tex.Code Crim.P. art. 31.04 (Vernon 1966) provides:

> The credibility of the persons making affidavit for change of venue, or their means of knowledge, may be attacked by the affidavit of a credible person. The issue thus formed shall be tried by the judge, and the motion granted or refused, as the law and facts shall warrant.

The State's controverting affidavit in this case tracks the language of article 31.04 almost identically. Nevertheless, appellant contends that the State did not aver in its affidavit precisely how appellant's supporting witnesses were prejudiced or without sufficient knowledge regarding appellant's potential for a fair trial in Fort Bend County, thus entitling him to a change of venue. We disagree.

■ If the controverting affidavit satisfies statutory requirements, a trial court may deny the motion for a change of venue on the strength of that controverting affidavit alone. *See, e.g., Cockrell v. State,* 117 S.W.2d 1105, 1107 (Tex.Crim.App.1938). A defendant is entitled to a change of venue as a matter of law if, and only if: 1) the State files no controverting affidavit on the question of venue, and 2) the trial court holds no hearing on the question of venue. *Durrough v. State,* 562 S.W.2d 488, 489 (Tex.Crim.App.1978), *rev'd on other grounds,* 620 S.W.2d 134 (Tex.Crim.App. 1981).

■ Contrary to appellant's argument, the opinion of *Robbins v. State,* 667 S.W.2d 318, 328 (Tex.App.—El Paso 1984, pet. granted), does not affect the validity of the controverting affidavit in the instant case. In *Robbins,* "... the State's affiant stated that she neither knew either of the persons who signed the affidavit for appellant's motion for change of venue nor did she know anything about them." However, the El Paso Court of Appeals found that no evidence existed in the record that the defendant ever effectively objected to the State's controverting affidavit. In the instant case, the State offered such an affidavit and appellant objected but did not offer any evidence or conduct any cross-examination which effectively challenged the State's affiant. Therefore, we need not determine whether the State's controverting affidavit was sufficient because by proceeding to a hearing on the question of venue, appellant waived any entitlement *as a matter of law* to a change in venue. We may next look to the entire record to determine if the appellant received a fair jury. *Turner v. State,* 641 S.W.2d 383, 385–86 (Tex.App.—El Paso 1982, pet. ref'd). Appellant has indicated nothing in the record that clearly or even inferentially demonstrates that he did not receive a fair jury in this trial, and our review of that record in its entirety discloses no evidence of a prejudicial jury.

Accordingly, we overrule appellant's first ground of error.

■ Appellant next argues that no evidence exists in the record to corroborate Jackie Ham's testimony, demonstrating that he participated in this robbery.

Tex.Code Crim.P. art. 38.14 (Vernon 1966) provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

In other words, independent evidence must exist in the record demonstrating that the crime charged actually occurred and that the defendant participated in it. *May v.*

*State,* 618 S.W.2d 333, 338 (Tex.Crim.App. 1981).

 We hold that, taken as a whole, the record strongly corroborates Jackie Ham's testimony in every pertinent regard. Police officers described the crime scene and related information given by witnesses to the robbery, and this information matched Ham's description of his and appellant's activities during the robbery itself. The testimony of the patron of the bar who followed the escaping pickup truck with the two men in it is an identical counterpart to Ham's testimony of his and appellant's activities immediately following the robbery. The testimony of the woman who was the victim of appellant's earlier robbery, wherein he stole a bank pouch and a pistol, corroborated Ham's testimony regarding how appellant provided Ham with the pistol that Ham ultimately used in the robbery. Appellant argues that this witness's testimony is meaningless because she had identified another individual to the police immediately after her robbery. This argument we find without merit for two reasons: first, the witness did not positively exclude appellant in her initial statement to the police; therefore, we do not find her to have been an inherently incredible witness; second, even though her initial identification was different from her positive, in-court identification of appellant, that difference goes only to the weight her testimony deserved, a matter within the jury's discretion and not subject to our review.

We hold that more than sufficient evidence exists to corroborate Jackie Ham's testimony, and we therefore overrule appellant's second ground of error.

In his last ground of error, appellant challenges the admission by the trial court of Ham's testimony regarding appellant's statement to him that appellant had stolen the weapon (which he was providing for Ham to use during the robbery) from a woman at a nighttime bank depository.

 Although appellant objected to Ham's testimony about appellant's earlier robbery of the pistol, appellant offered no objection when the woman from whom ap-pellant had stolen the pistol testified immediately after Ham as to the robbery, and specifically identified appellant as the man who had stolen the pistol from her. No error exists in the admission of testimony over objection where another source places the same evidence before the jury without objection. *Boles v. State,* 598 S.W.2d 274 (Tex.Crim.App.1980); *Duhart v. State,* 167 Tex.Cr.R. 150, 319 S.W.2d 109, 112 (1958). Moreover, evidence of other crimes committed by the accused is admissible where such evidence is material and relevant to a contested issue in the case. *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Crim.App. 1981); *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Crim.App.1972).

We therefore overrule appellant's third ground of error.

Appellant has failed to demonstrate any impropriety in the trial court's actions, any absence of sufficient evidence to support his conviction, and any preservation of error on the question of the extraneous offense.

We accordingly overrule appellant's grounds of error and affirm the judgment of the trial court.