**Affirmed and Majority and Dissenting Opinions filed October 15, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00642-CR

---

**KENNETH LEE DOUDS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 1 & Probate Court**
**Brazoria County, Texas**
**Trial Court Cause No. 180270**

---

## D I S S E N T I N G   O P I N I O N

I agree with the majority's holdings that (1) the trial court did not err in concluding the statutory prerequisite to a mandatory blood draw was met under section 724.012(b)(1)(C) of the Texas Transportation Code; and (2) this statute is not unconstitutional simply because it mandates the taking of blood specimens in certain non-felony cases. But appellant also argues that "[n]o emergency" justified the warrantless seizure of his blood specimen, which violated the Fourth Amendment to the United States Constitution. In light of the United States

Supreme Court's recent opinion in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), I agree with appellant that the State has not carried its burden to prove exigent circumstances that justify an exception to the warrant requirement. Accordingly, on this record, I would hold that the taking of appellant's blood sample was an unreasonable warrantless seizure, and the trial court should have granted appellant's motion to suppress the blood test results. Because the majority opinion does not hold the State to its burden, I respectfully dissent.

## ANALYSIS

"A defendant who alleges a violation of the Fourth Amendment has the burden of producing evidence that rebuts the presumption of proper police conduct. He may carry this burden by establishing that the seizure occurred without a warrant. The burden then shifts to the State to prove the reasonableness of the seizure." *State v. Robinson*, 334 S.W.3d 776, 778–79 (Tex. Crim. App. 2011) (footnotes omitted); *see also id.* at 780 (Cochran, J., concurring); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Here, it is undisputed that police drew appellant's blood without a warrant. Accordingly, the State bears the burden to prove the reasonableness of the seizure. On this record, it has not carried that burden.

As the majority recognizes, the United States and Texas Constitutions protect the people against unreasonable seizures by the government, and courts have held that a warrantless seizure is reasonable only if it falls within a recognized exception. *Ante*, at 6.[1] A warrantless seizure of a blood sample can be

---

[1] "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)); *see also Jones v. United States*, 357 U.S. 493, 499 (1958) ("[t]he exceptions to the rule that a search must rest upon a

2

constitutionally permissible if the State proves that "officers have probable cause to arrest a suspect, exigent circumstances exist, and a reasonable method of extraction is available." *State v. Mosely*, 348 S.W.3d 435, 440 (Tex. App.—Austin 2011, pet. ref'd) (citing *Schmerber v. California*, 384 U.S. 757, 767–68 (1966); *Aliff v. State*, 627 S.W.2d 166, 169–170 (Tex. Crim. App. 1982)).

In its brief, the State argues that the exigent circumstances requirement has been met here because "the need to quickly obtain a blood sample is great. The alcohol in a person's blood quickly dissipates and unless this evidence is obtained immediately, it is lost forever." But the United States Supreme Court recently rejected this very argument that "the natural metabolization of alcohol in the bloodstream presents a *per se* exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases." *McNeely*, 133 S. Ct. at 1556.[2] Instead, "exigency in this context must be determined case by case based on the totality of the circumstances." *Id.* Thus, the court observed that "[i]n finding the warrantless blood test reasonable in *Schmerber*, we considered all of the facts and circumstances of the particular case and carefully based our holding on those specific facts." *Id.* at 1560.

*McNeely* holds that courts should apply the following rule in analyzing the particular facts presented: "In those drunk driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth

---

search warrant have been jealously and carefully drawn").

[2] Prior to *McNeely*, some Texas courts appear to have agreed with the State's argument here and adopted the very *per se* rule that *McNeely* rejects. *E.g., Blumenstetter v. State*, 135 S.W.3d 234, 243 (Tex. App.—Texarkana 2004, no pet.) ("[E]xigent circumstances exist in cases such as these because alcohol in blood is quickly consumed and the evidence may be lost forever."); *State v. Laird*, 38 S.W.3d 707, 713 (Tex. App.—Austin 2000, pet. ref'd) ("It is a well-settled fact that alcohol in the blood dissipates quickly constitut[ing] exigent circumstances."); *Hayes v. State*, 634 S.W.2d 359, 362 (Tex. App.—Amarillo 1982, no pet.).

Amendment *mandates* that they do so." *Id.* at 1561 (emphasis added).

*McNeely* also sheds light on particular facts that are pertinent to the case-by-case inquiry. The supreme court agreed that metabolization of alcohol is one factor to consider: "[B]ecause an individual's alcohol level gradually declines soon after he stops drinking, a significant delay in testing will negatively affect the probative value of the results." *Id.* But the court also recognized that "because a police officer must typically transport a drunk-driving suspect to a medical facility and obtain the assistance of someone with appropriate medical training before conducting a blood test, some delay between the time of the arrest or accident and the time of the test is inevitable regardless of whether police officers are required to obtain a warrant." *Id.* If the "warrant process will not significantly increase [this] delay . . . because an officer can take steps to secure a warrant while the suspect is being transported to a medical facility by another officer," the court reasoned, "there would be no plausible justification for an exception to the warrant requirement." *Id.*

In addition, the court noted "advances in the 47 years since *Schmerber* was decided that allow for the more expeditious processing of warrant applications, particularly in contexts like drunk-driving investigations where the evidence offered to establish probable cause is simple." *McNeely*, 133 S. Ct. at 1561–62. The court explained that "technological developments that enable police officers to secure warrants more quickly, and do so without undermining the neutral magistrate judge's essential role as a check on police discretion, are relevant to an assessment of exigency," particularly given that blood alcohol evidence "is lost gradually and relatively predictably." *Id.* at 1562–63. The court also noted, however, that "exigent circumstances justifying a warrantless blood sample may arise in the regular course of law enforcement due to delays from the warrant

4

application process." *Id.* at 1563.

Considering the facts of this case in light of *McNeely*'s guidance, the State has not carried its burden to show exigent circumstances. The majority observes that the police needed time to investigate the accident scene and determine the need for medical treatment, that Officer Tran and appellant arrived at the police department at least 57 minutes after the accident, and that Officer Tran later took appellant to a local medical center, where a sample of his blood was drawn. *Ante*, at 2, 10. But there is no evidence that obtaining a warrant would have further delayed the blood draw. For example, there is no evidence of what technologies or procedures were available to the police to expedite the warrant application process. *Cf. McNeely*, 133 S. Ct. at 1561–63. Moreover, the record shows there were three officers as well as EMS personnel at the accident scene, and there is no evidence that another officer could not have taken reasonable steps to secure a warrant while Officer Tran was transporting appellant to the police station and later to the medical center. *Cf. id.* at 1561. Finally, even if there were evidence that it would have taken police additional time to obtain a warrant, there is no evidence that the delay would have been long enough to undermine the probative value of the blood test results significantly given the predictable rate at which blood alcohol evidence is lost.[3]

Because the State failed to prove that officers could not reasonably obtain a warrant before drawing appellant's blood sample without significantly undermining the efficacy of the blood alcohol test, the sample was taken in violation of the Fourth Amendment. *See id*. Accordingly, on this record, the trial

---

[3] *McNeely* does not hold that the State must provide evidence on all of these matters in every case, nor does it provide an exclusive list of matters that could be relevant in an exigent circumstances analysis. In this case, however, the State failed to provide evidence on any of these matters, and it directs us to no other evidence tending to show exigent circumstances on these particular facts. Thus, the State has not carried its burden.

court erred in denying appellant's motion to suppress the test results.

It is perhaps unsurprising that the record in this case does not anticipate the considerations that the supreme court found significant in *McNeely*, which was decided after the parties filed their appellate briefs. In a recent habeas corpus case, our court remanded in the interest of justice to permit further development of the record in light of significant legal developments. *See Aguilar v. State*, 375 S.W.3d 518, 526 (Tex. App.—Houston [14th Dist.] 2012), *rev'd on other grounds*, 393 S.W.3d 787 (Tex. Crim. App. 2013). In this case, however, no party has requested that relief or addressed whether it would be appropriate to reverse the judgment and remand, allowing the parties to offer additional evidence and the trial court to reconsider its ruling on the motion to suppress in light of *McNeely*. Nor does the majority opinion address the possibility of such a remand. Accordingly, I do not reach that issue.

## CONCLUSION

For these reasons, I would hold that the trial court erred in denying appellant's motion to suppress the blood test results, reverse the judgment, and remand the case for further proceedings. I respectfully dissent from the majority's decision to affirm the judgment.


/s/        J. Brett Busby
                Justice


Panel consists of Justices Boyce, Jamison, and Busby (Boyce, J., majority).

Publish —Tex. R. App. P. 47.2(b).