ROBERT LEE JOHNSON V. STATE

No. 25516. December 19, 1951.

Hon. Robert A. Hall, Judge Presiding.

*Fred S. Harless*, Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,* Assistant Criminal District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the murder of Willie Wood Sides, Jr., a rookie police officer of the city of Dallas. The jury assessed the extreme penalty.

Traveling in a 1951 Oldsmobile, stolen by them in Oklahoma, appellant, his two nephews, J. W. Johnson and Marvin Johnson, and one Maxwell Billy Pomeroy, arrived in Dallas. In the car was a .22 rifle, a German Luger pistol, and a .32 automatic pistol, in addition to a third pistol which would not shoot.

Police Officer Dawson and the deceased, who was commonly known as Johnny Sides, while in uniform patrolling in a squad car, observed the Oldsmobile and its occupants. They noted that appellant and his companions were shabbily dressed and unshaven and to them seemed to be out of place in the late model Oldsmobile.

The officers saw the Oldsmobile make a right turn while in the left lane of traffic, and saw them pass a red light, and they overtook and curbed the Oldsmobile.

J. W. Johnson was driving, Marvin occupying the other front seat. Appellant was in the back seat to the rear of Marvin, and Pomeroy sat back of the driver.

Officer Dawson, the driver of the police car, approached the Oldsmobile on its left side and the deceased approached from

the right. The deceased asked the occupants if they knew they ran a red light. Dawson ordered the men on his side to get out and began to search Pomeroy. While doing so he observed the rifle on the back seat and warned the deceased to look out.

According to the state's evidence, including the testimony of officer Dawson and accomplice Pomeroy and the dying declaration of the deceased, Marvin Johnson shot the deceased, following which appellant, with a pistol in his hand, ran around the front of the Oldsmobile and fired as Dawson threw up his arm and struck the pistol. Dawson was hit in the left wrist and left shoulder. Other shots were then fired by both appellant and Dawson. Appellant then said, "Let's go. Everybody in the car," and he and his companions fled in the Oldsmobile. Johnny Sides died in the hospital a few days later from the bullet wounds.

Appellant testified that he, and not Marvin, shot the deceased; that he had both pistols at the time, and that he was the only one of his party who fired. According to appellant's testimony, the deceased grabbed Marvin Johnson, pulled his gun from the scabbard and fired as Marvin threw up his hand to protect himself. He testified that he pushed Marvin aside and shot the deceased with the .32 pistol he had in his left hand for the purpose of defending Marvin and himself.

The state's evidence was to the effect that an examination of the deceased's gun immediately after the shooting showed that it was fully loaded and had not been recently fired.

The trial court submitted the case to the jury upon a charge defining murder with and without malice, principals, accomplice testimony, self-defense and defense of another, and limiting the testimony as to former arrests, charges and convictions to the credibility of the appellant as a witness in his own behalf.

No objections are found to the court's charge and the careful trial judge appears to have submitted a most favorable charge for appellant.

There are two bills of exceptions.

Bill of Exceptions No. 1 complain of the overruling of appellant's motion for change of venue because of prejudice in Dallas County.

Testimony heard on this motion and the issue joined by the state's controversion, consists of a large number of issues of Dallas newspapers, containing news stories and pictures of the killing of Johnny Sides, the deceased; a benefit show which raised a $1000 fund for his family; the hospitalizations of Dawson and the deceased, and their progress from time to time until the death of Johnny Sides some days later; accounts and pictures relating to the last rites for the deceased; the apprehension of appellant and his companions in Arkansas, and the award in Dallas of gifts and honors to the marshal and sheriff who arrested appellant while being "taken for a ride" by him at pistol point, and other accounts in some of which appellant and his companions were described as "hill billy bandits."

And in support of his motion, appellant offered 13 witnesses, all of whom testified concerning the publicity given the case in the newspapers of Dallas and by the benefit shows.

The trial judge, in his qualifications to this bill, certifies that all of the witnesses who testified on the hearing for the state or for appellant expressed the opinion that he could get a fair and impartial trial in Dallas County; that there was no evidence before the court that the defendant could not get a fair and impartial trial in Dallas County, and that there was nothing before the court to warrant a change of venue.

The trial court further certified that none of the 12 jurors who sat on the case had formed an opinion as to the guilt or innocence of the defendant, and all stated unequivocally that they would go into the jury box presuming the defendant innocent and would decide the case only and solely from the evidence.

Appellant accepted the bill as so qualified.

The ultimate issue, decisive on the question of whether the court erred in refusing to change the venue, is: was appellant's trial influenced by the prejudice claimed to exist in the county where he was tried over his objection? Unless such prejudice reached the jury box, he could not have been injured. See Jones v. State, No. 25, 492 (Page 475 of this volume), 243 S.W. (2d) 848, Jones v. State, (Page 248 of this volume), 240 S.W. (2) 771.

From the bill or from the entire record, we are unable to

agree that an abuse of discretion on the part of the trial judge, in refusing to change the venue, is shown.

Bill of Exceptions No. 2 complains of the testimony of Arkansas Sheriff Goodwin wherein he related the episode of the apprehension of appellant in the stolen Oldsmobile a few days after the shooting of the deceased in Dallas; of appellant getting the drop on the sheriff and marshal and ordering them in the car to be taken for a ride; of his avoiding such fate by suddenly attacking appellant, who shot his hat off, and of the ensuing scuffle wherein, after losing his pistol, he effected the arrest with the aid of a rock.

The testimony of appellant's flight and resistance to arrest was admissible as showing consciousness of guilt. See Martinez v. State, 140 Tex. Cr. R. 159, 140 S.W.(2) 187, and other cases listed in Tex. Dig., Criminal Law, Key 351 (3).

This bill shows that appellant offered objection to each question in regard to the testimony describing the fight between appellant and the sheriff, but no questions or answers are set out, merely the narrative as above summarized.

The bill is deficient also in that the qualification shows that no exception was reserved.

The evidence is sufficient to sustain the verdict and it appears that appellant has been tried according to law.

The judgment is affirmed.

Opinion approved by the court.