**Buddy Charles HEFLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55442.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 20, 1978.

W. V. Dunnam, Jr., Waco, for appellant.

Felipe Reyna, Dist. Atty. and Rodney S. Goble, Asst. Dist. Atty., Waco, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape in which punishment was fixed at 50 years. Appellant's grounds of error numbers 10, 11, 12 and 13 complain of the admission into evidence of certain pills found in his automobile when he was arrested approximately one month after the offense occurred. Our disposition of the case makes consideration of his other grounds of error unnecessary.

Appellant was arrested for criminal trespass when an officer, responding to a complaint, saw him emerging from an apartment complex in Waco and chased him down. He fit the description of the suspect in a rape that had occurred in another Waco apartment complex a month earlier. After the arrest, police searched his car which was in the apartment parking lot and discovered several bottles of pills in the pocket of appellant's army field jacket.

At the trial the pills were introduced into evidence over objection. A Department of Public Safety chemist testified to the fact that one of the bottles contained an amphetamine and another contained diazepam, better known by its trade name, Valium. The chemist testified that the Valium was classified as a dangerous drug[1] and that amphetamines were in penalty group 3.[2]

Appellant asserts on appeal that use of the pills at trial was improper introduction of a collateral offense and that they were introduced solely to prejudice the jury against appellant. The State contends that the pills were admissible as res gestae of the arrest.

---

1. See, Art. 4476–14, V.A.C.S.

2. This is a reference to the Texas Controlled Substances Act, Art. 4476–15, Vernon's Ann. Civ.St.

In *Riles v. State*, Tex.Cr.App., 557 S.W.2d 95, this Court quoted from *Young v. State*, 159 Tex.Cr.R. 164, 261 S.W.2d 836, where it stated:

"The general rule in all English speaking jurisdictions is that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions."

Evidence of the commission of other offenses is admissible to establish identity of the person or crime, intent, motive, system, when put in issue, or as part of the res gestae.[3] *Cameron v. State*, Tex.Cr.App., 530 S.W.2d 841. The justification for introduction of an extraneous offense must be carefully examined because of the potential for prejudice that exists.

"Limitations on the admissibility of evidence of an accused's prior criminal conduct are imposed not because such evidence is without legal relevance to the general issue of whether the accused committed the act charged, but because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him. . . . Thus, before evidence of collateral crimes is admissible, a relationship between such evidence and the evidence necessary to prove that the accused committed the crime for which he stands charged must be shown." *Albrecht v. State*, Tex.Cr.App., 486 S.W.2d 97, 100.

It cannot be said these pills were res gestae of the arrest. The arrest took place in the apartment complex after appellant ran back into it on spotting the police. He was then taken to a police car on the east side of the apartment complex and read his rights. Only then did the police inquire about the location of his car. The car was parked on the west side of the complex which measured two blocks by one block. The pills were found in the pocket of a jacket in the car. Thus, the search of the car and discovery of the pills was isolated both in time and place from the arrest. Had the pills been on appellant's person at the time of arrest the result might be different but under the existing facts the pills cannot be res gestae of the arrest. Compare, *Milligan v. State*, Tex.Cr.App., 554 S.W.2d 192; *Downey v. State*, Tex.Cr.App., 505 S.W.2d 907.

The judgment is reversed and the cause remanded.

PHILLIPS, J., not participating.

---

**3.** This list is not exclusive. See *Albrecht v. State*, 486 S.W.2d 97 and cases cited therein.