Wilfred Joseph MILLER, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 13-83-062-CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 3, 1985.

Rehearing Denied Jan. 31, 1985.

Joseph A. Connors, III, McAllen, for appellant.

Robert J. Salinas, Edinburg, for appellee.

## OPINION

PER CURIAM.

In a jury trial appellant was convicted of aggravated robbery. Punishment, also determined by the jury, was assessed at twenty years' imprisonment and a $5,000.00 fine. The case before us bore cause number CR–845–82–E at the trial court level. The offense charged by the indictment under this cause number allegedly occurred on or about April 20, 1982. The complaint for the April 20th offense was signed on August 28, 1982, by Gilbert Garza, Justice of the Peace, and by Officer Alejandro Moreno, complainant. A warrant for appellant's arrest was issued on August 28, 1982, for the offense of "Ag-

gravated Arm [sic] Robbery"; it also named Moreno as complainant and was signed by Gilbert Garza.

The record contains another complaint which is dated August 27, 1982. It was signed by Officer Ventura Cerda, complainant, and Ponciano Cantu, Justice of the Peace. This complaint charges appellant with committing a separate aggravated robbery on or about March 25, 1982. The arrest warrant accompanying this complaint was signed on August 27, 1982, by Cerda and Cantu. Appellant was taken into custody on August 27, 1982. The pretrial hearings on suppression of evidence and voluntariness of the confession, encompassed three cause numbers, including that of the action now before us; identical motions were filed in all three cases. There was no objection that any evidence adduced during the hearings was unrelated to any of the three cases.

In his first, thirty-second, thirty-third and thirty-fourth grounds of error, appellant contends that the complaint alleged by Officer Cerda was not sufficient to support a determination of whether "probable cause" existed for appellant's arrest; thus, the evidence obtained as a result of that arrest was inadmissible. Appellant reproduced the August 27th complaint in his brief, and alleges that he was arrested based *only* on that arrest warrant. Appellant ignores the August 28th arrest warrant, which was issued pursuant to the offense charged in this case, and which includes a notation that it was executed on August 30, 1982.

Appellant has made no attempt to show that the August 28th complaint and warrant arose as a result of the allegedly tainted August 27th arrest, and we refuse to speculate that that is so.

■ However, even if the issuance of the challenged warrant did lead to appellant's invalid arrest and detention, we hold, for the reasons stated in determining appellant's other grounds of error, infra, that the evidence adduced to convict appellant was either purged of its primary taint or admissible in its own right. Appellant's first ground of error is overruled.

■ In his second ground of error appellant contends that the trial court erred by refusing, at the conclusion of the hearing on the motion to suppress, to allow appellant to introduce into evidence the arrest warrant and supporting affidavit concerning the March offense. The request came after both the State and appellant had presented closing argument; appellant's motion to re-open the hearing in order to offer the evidence was denied. In his third and fourth grounds of error, appellant contends that all the inculpatory evidence obtained as a result of his arrest should have been suppressed because the State failed to present either the arrest warrant or the supporting affidavit for the March offense to the trial court at the hearing on the motion to suppress.

We note first that these documents pertain to the March offense. Also, the record reflects that defense counsel was provided with copies of both the requested arrest warrant and the underlying affidavits. Counsel thoroughly cross-examined Officer Cerda with the affidavit to which he swore before Judge Cantu. At the close of the hearing, counsel sought only to have the arrest warrant and the complaint introduced into evidence. There was no objection that the documents were not expressly presented to, or considered by, the trial court, and the record will not support such a determination as a matter of law. Finally, we note that appellant did not connect the challenged documents with the warrant and affidavit issued for the alleged April offense.

Immediately after denying appellant's request to reopen the hearing on the motion to suppress in order to introduce the arrest warrant and the underlying complaint, the trial court proceeded to hear the motion on the voluntariness of appellant's confession. During this portion of the hearing, appellant was allowed to introduce both documents into evidence, and they are a part of the appellate record. We find no reversible error from the trial court's actions, and

appellant's second, third, and fourth grounds of error are overruled.

In his fifth through tenth grounds of error appellant contends that the trial court erred by allowing the State to introduce "all evidence obtained as fruit of the illegal arrest." Inter alia, appellant complains of the admission of pistols and magazine clips obtained from him; of the handbag he allegedly used to carry clothing worn during the offense; and of food stamps and cash. Appellant argues that the evidence was illegally obtained pursuant to a search without a warrant, and that he could not "legally" have voluntarily consented to the entry into his residence because he was under illegal arrest at the time.

■ An exception to the rule requiring a warrant and probable cause for a search is that the search was conducted with the consent of the accused. However, the consent can only be effective if the State clearly proves that the consent was freely and voluntarily given. "Whether consent to search was voluntary is a question of fact to be determined from the totality of the circumstances." *Fancher v. State*, 659 S.W.2d 836 (Tex.Crim.App.1983).

■ This analysis presumes, however, that a search occurred at all. The .25 caliber automatic pistol and its magazine clip were "seized" after appellant pointed the weapon at the arresting officers, just before he was to be "strip-searched" at police headquarters. In addition, Officer Park testified that appellant requested that the police officers take him back to his apartment to recover some personal items; that no search of the apartment was performed; that appellant gave the officers his consent to enter his apartment; and that appellant "hand[ed] over" the .22 caliber revolver. Officer Cerda iterated that appellant's apartment was not searched, and stated that appellant identified the .22 caliber pistol as being the one used in "the Mercedes robbery." Officer Cerda further testified that after leaving appellant's residence, appellant himself requested them to return because "[h]e wanted to give us some other property [including] a handbag

which ... he said he used to carry the clothing that he used in the Mercedes robbery."

We hold that the record shows that appellant voluntarily produced the items whose admission into evidence is now challenged, and appellant's fifth through tenth grounds of error are overruled.

■ In his eleventh ground of error appellant contends that the trial court erred by finding that his confession was given voluntarily because the evidence showed that he was taken before a magistrate only after an unreasonable delay. Similarly, in grounds of error twelve and thirteen appellant contends that the confession, introduced into evidence as State's Exhibit Number Nine, should have been suppressed as "a fruit of [his] illegal arrest."

Out of the presence of the jury, the prosecutor stated that State's Exhibit Nine "is a true and correct copy [of appellant's confession], except that we have excised portions ... that relate to extraneous offenses." Appellant's counsel stipulated that the excised portions of the confession deleted any reference to extraneous offenses to the satisfaction of the defense, and renewed his pre-trial objections.

State's Exhibit Nine contained numerous deletions. Appellant first admitted plotting to rob an HEB store at an unspecified time in March of 1982; however, the confession did not state the date on which the actual offense occurred. The confession was signed on August 27, 1982, the day before the arrest warrant in the cause before us was even issued. It is thus not entirely clear that State's Exhibit Nine applies to the appeal now before us. At the hearing on the voluntariness of the confession, Officer Cerda testified that after appellant was arrested he was repeatedly read his rights, never requested an attorney or asked to terminate the hearing, and eventually admitted his guilt and sought to cooperate with the police. Appellant led the police to inculpatory evidence and demonstrated how one robbery was effected.

The penultimate typed paragraph of the confession states that:

"I also want to say that I cooperated with the police and took them to my house and willingly gave them the gun, money, and took them to the place where I burned the junk which I did not have use for from [deletion] robbery. I fully cooperated with the police and worked with them."

Appellant was arrested about 11:00 a.m. on August 27, 1981;. he began leading police officers to evidence of the crime about 1:00 p.m.; and he was returned to the police station and had signed the confession by about 4:00 p.m. We hold that the trial court did not err in finding that the confession was voluntarily given. Any taint arising from the original arrest was thus removed. *Gant v. State,* 649 S.W.2d 30 (Tex. Crim.App.1983).

Thus, even if the arrest and detention were improper, we find no causal connection between the delay and the making of the confession. *DeBolt v. State,* 604 S.W.2d 164 (Tex.Crim.App.1980); *Maloy v. State,* 582 S.W.2d 125 (Tex.Crim.App.1979). Appellant's eleventh, twelfth, and thirteenth grounds of error are overruled.

In his fourteenth and fifteenth grounds of error appellant contends that certain oral statements allegedly made by him should not have been admitted into evidence. Officers Ventura Cerda and Jerry Park testified as State's witnesses that appellant admitted to them (1) "that he had burned some items from the Mercedes robbery" and (2) "that he had committed the Mercedes robbery but could not figure out how we had found out about it."

Appellant concedes that no trial objection was made to his testimony, but argues on appeal not only that the statements were "fruits of appellant's illegal arrest," but also that they "were barred from admission by TEX.CODE CRIM.PROC.ANN. Art. 38.-22, § 3, (Vernon 1981)."

■ Section 3(a) of Article 38.22 (Vernon Supp.1982–83) provides that no oral statement made by the accused "as a result of

custodial interrogation shall be admissible against [him] in a criminal proceeding" unless certain exceptions apply. Section 3(c) provides that:

"Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed."

Officer Park testified that appellant voluntarily escorted police officers to the location where he had burned the "items from the Mercedes robbery," and that he observed "a lot of ashes" at that location, which indicated that items had been burned. We think that this is the point of Section 3(c), and hold that the statement was admissible. See *Marini v. State,* 593 S.W.2d 709 (Tex.Crim.App.1980).

■ The second statement, admitting the Mercedes robbery, was made by appellant at police headquarters, after he had produced a hidden pistol and pointed it at the police officers. He made the statement while he had the pistol. We hold that the inculpatory statements were not the product of custodial interrogation, were made voluntarily, and were thus purged of any possible taint arising from the allegedly illegal arrest. *Garrison v. State,* 642 S.W.2d 168 (Tex.Crim.App.1982). Appellant's fourteenth and fifteenth grounds of error are overruled.

■ In his sixteenth ground of error appellant contends that the trial court erred by neglecting to make findings of fact and conclusions of law after overruling appellant's motion to suppress evidence seized in connection with his arrest. At the conclusion of the hearing the trial court stated:

"The Court overrules Defendant's Motion to Suppress the Evidence in each of the three indictments pending before the Court.

Now, are you ready to proceed to hearing on the Voluntariness of the Confession or the Statement of the Accused?"

No findings of fact or conclusions of law were requested, and there was no objection to the trial court's action. The hearing to determine the voluntariness of appellant's confession immediately ensued, after which the trial court did state its complete findings, which consisted of nearly four pages in the statement of facts. Each of the cases cited by appellant discussed situations involving voluntariness of the defendant's confession where the trial court erred by not stating its findings pursuant to the holding of the case of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). No variance from those holdings is presented here. Appellant's sixteenth ground of error is overruled.

■ In grounds of error seventeen through twenty-two, appellant contends that he should have been granted his six requested jury instructions regarding the voluntariness, truthfulness, and evidentiary value of his confession. The State contends that the issues sought were either not raised by the evidence or were covered in the charge which was given. Appellant's argument under this ground of error is conclusory and fails to apply the facts of this case to the holdings in the authority cited. In addition he fails to direct the Court to any portion of the fifteen volume record where any evidence supporting his requested issues might be found. These grounds of error are not properly briefed, and we deem them waived. *Phillips v. State*, 511 S.W.2d 22 (Tex.Crim.App.1974).

■ The charge did instruct the jury that:

"You are instructed that under our law a confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible in evidence if it appears that the same was freely made without compulsion or persuasion, provided, however, that it be made in writing and signed by the accused, and show that the accused has been [given his *"Miranda"* warnings], prior to making such statement or confession, by the person to whom the same is made . . . . So, in this case, if you find from the evidence, or if you have a reasonable doubt thereof, that prior to the time the defendant gave the alleged statement or confession to Officer VENTURA CERDA, if he did give it, the said Officer VENTURA CERDA did not warn the defendant in the respects outlined above, or as to any one of such requirements, then you will wholly disregard the alleged confession and not consider it for any purpose nor any evidence obtained as a result thereof; if, however, you find beyond a reasonable doubt that the aforementioned warning was given the defendant prior to his having made such statement, if he did make it, still, before you may consider such statement as evidence in this case, you must find from the evidence beyond a reasonable doubt that prior to and during such statement, if any, the defendant knowingly, intelligently and voluntarily waived the rights hereinabove set out in the said warning, and unless you so find, or if you have a reasonable doubt thereof, you will not consider the statement or confession for any purpose whatsoever or any evidence obtained as a result of same."

Police Investigator Ventura Cerda testified that he arrested appellant and read him his *Miranda* warning rights a total of four times, and that appellant signed each page of a confession which also contained the warnings. Officer Cerda further testified that appellant placed his initials by each of the warnings; that appellant read the entire statement before he signed it; and that the statement was given freely and voluntarily. Our review of the record convinces us that appellant's rights were properly protected by the charge, and his seventeenth through twenty-second grounds of error are overruled.

In his twenty-third and twenty-fourth grounds of error appellant contends that the State was allowed to introduce prejudicial and inflammatory testimony showing that appellant committed an extraneous offense.

40

Officers Jerry Park and Ventura Cerda both testified that after appellant had been arrested and transported to the police station, he was subjected to a "strip search." As he was removing his pants, he produced a .25 caliber automatic handgun, which he pointed at the officers. Appellant was quickly convinced to surrender the weapon, however.

Had appellant produced the pistol immediately after his arrest, there is no doubt that the evidence would be admissible as res gestae of the arrest. *Archer v. State*, 607 S.W.2d 539 (Tex.Crim.App.1980); *Milligan v. State*, 554 S.W.2d 192 (Tex. Crim.App.1977). In the case before us, appellant did not produce the pistol until he had been transported to the police station, so it is unclear whether the evidence is admissible under the "res gestae" exception, although the fact that the pistol was concealed on appellant's person would seem to mitigate in favor of admissibility. *See Heflin v. State*, 574 S.W.2d 554 (Tex. Crim.App.1978).

We perceive an analogy between this case and authority holding that evidence showing escape and flight is generally admissible on the issue of guilt. *Rumbaugh v. State*, 629 S.W.2d 747 (Tex. Crim.App.1982); *McWherter v. State*, 607 S.W.2d 531 (Tex.Crim.App.1980). Similarly, we note that evidence showing that appellant resisted arrest may be admissible. *Arivette v. State*, 513 S.W.2d 857 (Tex. Crim.App.1974); *Johnson v. State*, 156 Tex.Cr.R. 534, 244 S.W.2d 235 (1951). We find that the challenged testimony was probative of and relevant to the determination of appellant's guilt. In addition, even if the testimony were improperly admitted, we would find no reasonable possibility that such evidence contributed to appellant's conviction. *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Crim.App.1981). Appellant's twenty-third and twenty-fourth grounds of error are overruled.

In his twenty-fifth ground of error appellant contends that the trial court erred by sustaining the State's challenge-

for-cause of Juror Reyes Trevino, after individual voir dire of Mr. Trevino was completed. In response to questions posed by the trial court, Mr. Trevino stated that he could not be fair, either for or against appellant. In response to the prosecutor's questions, Mr. Trevino conceded that he "would be in favor of this Defendant" and that he "would try to get on [the Defendant's] side right now." The Court sustained the State's challenge for cause. Appellant objected to the trial court's action without stating the grounds for his objection.

Article 35.16(a)(9) of the Texas Code of Criminal Procedure (Vernon Supp.1982–83) states that either the state or the defense may challenge a juror for cause if the juror "has a bias or prejudice in favor of or against the defendant." The authority cited by appellant does not vitiate the clear language of Article 35.16(a)(9). Appellant's twenty-fifth ground of error is overruled.

In his twenty-sixth ground of error appellant contends that the trial court erred by "failing to instruct the jury on the law of accomplice witnesses" when Ms. Patricia Winkler testified for the State. Ms. Winkler admitted that she was under indictment for the same aggravated robbery for which appellant was convicted, and she adduced testimony that appellant lived with her; that she drove to the scene of the robbery with him; and that he then committed the offense. Appellant concedes that no request for the charge on accomplice witnesses was made, but argues that such a request was unnecessary because Ms. Winkler was an accomplice as a matter of law.

If the evidence shows that a witness is an accomplice witness as a matter of law, the court is under a duty to so instruct the jury. However, it is not always reversible error to fail to so charge the jury, even if the fact of complicity is apparent, if the testimony of the witness is not essential to the conviction. *Kerns v. State*, 550 S.W.2d 91 (Tex.Crim.App.1977); *Miller v. State*, 442 S.W.2d 340 (Tex.Crim. App.1969); *Gonzales v. State*, 441 S.W.2d

539 (Tex.Crim.App.1969). There is sufficient evidence in the record to support appellant's conviction even without the accomplice testimony, and we find no reversible error from the failure to instruct the jury. Appellant's twenty-sixth ground of error is overruled.

In his twenty-seventh and twenty-eighth grounds of error appellant contends that the State failed to prove that he obtained and maintained control over exactly $3,000.00. The indictment stated, in pertinent part, that appellant committed the aggravated element of the offense "while in the course of committing theft and with intent to obtain and maintain control of property, to-wit: $3,000 in money, from Maria Catarina Sanchez and Richard Martinez...."

 In the case of *Smallwood v. State*, 607 S.W.2d 911 (Tex.Crim.App.1979), the Court of Criminal Appeals held that the present Penal Code characterizes the offense of robbery as *assaultive* in nature, rather than as an aggravated form of theft; "[c]onsequently, the description of the property taken is not legally essential to the validity of an indictment charging the offense of robbery." Any unnecessary words or allegations used to describe that which is not legally essential to the validity of the indictment may be rejected as surplusage.

"In a robbery prosecution it is not necessary to prove that all the property alleged was taken. Proof that any part thereof was taken is sufficient." *Davis v. State*, 532 S.W.2d 626 (Tex.Crim.App.1976); *Sirls v. State*, 511 S.W.2d 55 (Tex.Crim.App. 1974). Appellant's twenty-seventh and twenty-eighth grounds of error are overruled.

 In his twenty-ninth and thirtieth grounds of error appellant contends that the evidence is insufficient to support his conviction. Appellant argues that his confession was inadmissible, and that, without the confession, the only inculpatory evidence remaining is the accomplice testimony of Ms. Winkler. However, we have previously determined that appellant's confession was voluntarily given, and it is settled that an accused's confession can serve to corroborate the testimony of an accomplice witness. *Alonzo v. State*, 591 S.W.2d 842 (Tex.Crim.App.1979). In addition, we hold that sufficient evidence, independent of both the accomplice testimony and the challenged confession, was adduced to support the conviction. Appellant's twenty-ninth and thirtieth grounds of error are overruled.

 In his thirty-first ground of error appellant contends that his indictment was fundamentally defective because it failed to commence with the phrase "In the name and by authority of the State of Texas." On the indictment form used by the State, above the required statutory preface, is printed identifying information concerning this case, including the case style and number, the offense charged, the bond, the complaint number, the court, and the date of arrest. This information is separated from the formal indictment by a double printed line. The formal indictment does begin with the proper caption. We hold that the identifying information is not part of the indictment. *Stansbury v. State*, 128 Tex.Cr.R. 570, 82 S.W.2d 962 (1935); *Owens v. State*, 25 Tex.App. 552, 8 S.W. 658 (1888).

All of appellant's grounds of error are overruled, and the judgment of the trial court is affirmed.

BENAVIDES, J., not participating.