James Zel JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–93–00051–CR.

Court of Appeals of Texas, Tyler.

Nov. 30, 1994.

R.W. Blakeman, Henderson, for appellant.

William D. Saban, Henderson, for appellee.

RAMEY, Chief Justice.

The Appellant, James Zel Jordan ("Jordan"), was convicted, after a jury trial, of aggravated assault. The jury assessed his punishment at life imprisonment after finding the two enhancement allegations "true." He raises six points of error in this appeal. We affirm the judgment.

According to the State's evidence, in the early morning hours of August 2, 1992, Jordan became angry at Charles Wayne Lacy ("Lacy"). At the time Lacy had been with Mary "Cookie" Malone ("Malone"), and Lacy testified that Jordan approached him and asked him, "what the hell I was doing with his woman [Malone] in the car." Jordan slapped Lacy, and another man separated the two. Jordan then argued with Malone, and Lacy called for Malone to get in the car with him. Lacy walked to his car, opened the door, looked around and saw Jordan with a gun pointed at him. Lacy tried to dissuade Jordan from using the gun, but Jordan fired one shot, hitting Lacy in the abdomen. Lacy passed out after a few moments of consciousness, but survived the assault.

■ In his first point of error Jordan asserts that the trial court erred in not granting his motion for instructed verdict because the evidence was insufficient to support his conviction. The standard for reviewing the sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989).

■ Jordan argues, from the position of the various actors in this occurrence, that Lacy could not have received the type of wound described by his treating physician. Such argument might have some force if the evidence established, as a matter of law, the exact position of all the actors and the exact sequence of events. But, while arguing for the impossibility of Jordan's causing this injury, Jordan also argues that the evidence was insufficient because of the confusion and inconsistencies in the various witness' account of this occurrence. The variations in the testimony of the witnesses to this startling event undermines the argument that the evidence conclusively establishes that it could not have happened. Jordan argues that

> The manner in which penetration [of the bullet] occurred, as described by some of the evidence, shows the bullet must have come from a direction other than where some of the evidence, if believed, places Appellant at the critical moment when the shot was fired.

But this argues only that the jury may have discarded some evidence and accepted other evidence in determining what actually happened, a determination that a jury may make when resolving factual conflicts. Despite any inconsistencies in the sequence of events and exact placement of the persons present, the record contains unambiguous eyewitness testimony that Jordan shot Lacy in the course of an altercation. Such evidence, viewed in the light most favorable to the prosecution, would support a finding of guilt beyond a reasonable doubt. Jordan's first point of error is overruled.

In his second point Jordan complains of error in the enhancement of his punishment, though the reasons he gives are obscure. The indictment alleged two previous felony convictions, the previous conviction having

become final before the date of Lacy's shooting, and the first conviction having become final before the commission of the second offense:

1) possession of heroin

   date of offense: 10/21/76

   date of conviction: 3/30/77

2) possession of cocaine

   date of offense: 6/25/83

   date of conviction: 8/17/83

Evidence of these convictions was presented to the jury during the punishment phase, as well as evidence of other convictions, admissible under Rule 404(c), Tex.R.Crim.Evid.[1]

Jordan argues that a prior conviction for felony possession of a firearm could not have been properly used to enhance his conviction because there was no proof of a crime prior to that involving violence. Whatever the merits of that particular argument, it is premised on a false assumption that the sentence was enhanced by the conviction for possession of a firearm. The two prior enhancement counts listed above were the only ones alleged in the indictment, and they were properly proven. Jordan's second point of error is overruled.

■ Jordan's third through fifth points of error seek reversal of the conviction based on an erroneous statutory citation in the heading of the indictment. The indictment is on a form which, after blanks for the cause number, bond, and style of the case, contains a blank for the charge, which, here, reads as follows "*Charge: Aggravated Assault, 3rd degree (enhanced) Sec. 22.01(a)(1), TPC.*" However, the cited section of the Code pertains to the offense of simple assault, a Class A misdemeanor; aggravated assault is codified at Section 22.02(a)(1). Jordan's three points resting on this error contend that the conviction should be reversed because

1) as a charged misdemeanor offense, the trial court erred in not granting Jordan's motion to transfer to a court with appropriate misdemeanor jurisdiction;

2) the trial court erred in not granting leave to file a motion to quash the indictment; and

3) the trial court erred in overruling Jordan's motion in arrest of judgment.

■ Art. 21.02, Tex.Code Crim.Proc.Ann., in defining the requisites of an indictment, plainly sets out the points at which the indictment proper begins and ends:

1. It *shall commence,* "In the name and by the authority of The State of Texas,"

   .    .    .    .    .

8. The indictment must conclude, "Against the peace and dignity of the State." (emphasis added).

Other information commonly typed or written on the same page as the indictment is *not* part of the indictment. *Miller v. State,* 687 S.W.2d 33, 41 (Tex.App.—Corpus Christi 1985), *affirmed,* 736 S.W.2d 643 (Tex.Cr.App. 1987). It is plain from the record—indeed, from the indictment itself—that this typographical error had no misleading or prejudicial effect. Jordan's third through his fifth points of error are overruled.

In his sixth and last point of error Jordan asserts that the trial court was in error in overruling his motion for a new trial. His basis for asking for a new trial is the asserted impossible description of the occurrence given by the state's witnesses; he claims no new evidence. We have already held in addressing Jordan's first point of error that the evidence in this case was sufficient to support the conviction. The inconsistencies cited cannot all be true, but such discrepancies are not unusual, and could have been argued to the jury as having bearing on the credibility of the witnesses. Jordan cites no authority suggesting that such discrepancies justify granting a new trial. His sixth point of error is overruled.

The judgment of the court below is **affirmed.**

---

**1.** "In the penalty phase evidence may be offered by an accused or by the prosecution as to the prior criminal record of the accused."