**Gary Bill CRABB, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–042–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 30, 1985.

William R. Magnussen, William W. Chambers, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and David K. Chapman, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and GRAY, JJ.

OPINION

GRAY, Justice.

Appellant, Gary Bill Crabb, has appealed his conviction for the offense of involuntary manslaughter. The jury returned a verdict of guilty and assessed punishment at eight years in the Texas Department of Corrections.

We affirm.

The evidence showed that appellant left a nightclub around midnight on October 22,

1981 after a heated argument. He tried to get his car from the parking lot attendant, but he had no claim ticket. The appellant thereafter took his car from the parking lot by force, driving over a curb and onto the street.

A short time later, appellant failed to negotiate a curve in the road, crossed into the opposite lane of traffic, and collided with the car of Anthony Parrotti. Parrotti died within a few minutes. Appellant reportedly tried to run from the scene of the accident but was detained by a passerby who testified that appellant stated "they're going to bust me."

A few hours later, appellant took an intoxilyzer exam which showed that he had a .22% blood/alcohol level. At trial appellant testified that he had been emotionally upset due to an argument with his girl friend and that brake failure was the true cause of the collision. A friend of the appellant testified that appellant had not been intoxicated.

■ Appellant's first two grounds of error complain of the charge to the jury on guilt because it allegedly lowers the State's burden of proof below as required by law.

The offense of involuntary manslaughter is set out in TEX.PENAL CODE ANN. sec. 19.05 (Vernon 1974) as follows:

(a) A person commits an offense if he:

(1) recklessly causes the death of an individual; or

(2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

*Id.*

The indictment and the application paragraph in the charge to the jury (paragraph 5) both tracked this statute precisely. However, the appellant's assertion of brake failure as the true cause of the accident required the court to submit instructions on concurrent causation also. *See* TEX.PENAL CODE ANN. sec. 6.04 (Vernon 1974) which defines causation as follows:

(a) A person is criminally responsible if the result would not have occurred but

for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

*Id.*

The charge did not track this statute precisely. Instead, it included an instruction in paragraph 6 to the effect that even if the jury found that the appellant had been driving while intoxicated and that the appellant was involved in an accident which caused the death of Parrotti, they still were not to convict unless they further found that the appellant's intoxication caused *or contributed to cause* the collision and death. Paragraph 4 of the charge, which set out the elements of involuntary manslaughter, also used the language "contributed to cause." The appellant alleges that the insertion of this language "contributed to cause" was an improper method of submitting the issue on concurrent causation. We disagree.

"Section 6.04(a) establishes a requirement of a 'but for' causal connection between the alleged conduct of the defendant and the alleged harm, in either a sole cause or concurrent cause situation." *Robbins v. State*, 667 S.W.2d 318, 321 (Tex.App.—El Paso 1984, pet. ref'd). The relevant authority clearly shows that the language "contributed to cause" properly presents the "but for" concept of causation and does not reduce the State's burden below legal limits. *See Clayton v. State*, 172 Tex.Cr.R. 595, 361 S.W.2d 385, 386–87 (1962); *Yarborough v. State*, 160 Tex.Cr.R. 239, 268 S.W.2d 154, 155–56 (1954); *Robbins*, 667 S.W.2d at 321. We hold that the charge was not in error. Appellant's first two grounds of error are overruled.

■ Appellant's third ground of error alleges that the trial court erred by denying appellant a mistrial based on remarks made during the State's jury argument at the punishment phase to the effect that appellant took the stand and admitted his remorse over the death of Parrotti but never admitted that he had an alcohol prob-

lem. Appellant argues that this statement constituted the personal opinion of the prosecutor and commented on the appellant's exercise of his constitutional right to plead "not guilty." Appellant also argues that the prejudicial effect was not erased by the instruction to the jury to disregard the remark. We disagree.

To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Darden v. State,* 629 S.W.2d 46, 52 (Tex.Crim.App.1982); *Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim.App. 1973).

We find that the argument in this case falls within the third category. The comments by the prosecutor followed comments by defense counsel to the effect that the appellant had no further problems with drinking and driving during the two years since the accident, thereby implying that the accident would not be repeated. In so doing, defense counsel made the appellant's drinking habits a permissible topic of argument.

This argument also falls within the second category, a reasonable deduction from the evidence. Appellant never admitted to the jury that he had been intoxicated in spite of a .22% blood/alcohol level. Viewed from our standpoint, .22% on the intoxilyz-

er *is* a problem. The prosecutor certainly was within bounds to argue this evidence and conclusion under *Darden,* 629 S.W.2d at 52.

Furthermore, we believe that the error, if any, was not reversible in light of the instruction to disregard which was given to the jury. When an argument exceeds permissible bounds, it will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused into the trial proceeding. *Mathews v. State,* 635 S.W.2d 532, 539 (Tex.Crim.App.1982); *Todd v. State,* 598 S.W.2d 286, 296 (Tex.Crim.App.1980).

We do not think that the remarks to which appellant objected seriously affected the punishment assessed, given the abundance of other evidence upon which the jury based its decision.

We hold that the trial court did not err in refusing a mistrial based on the State's jury argument. The appellant's third ground of error is overruled.

Affirmed.