Gary Bill CRABB, Appellant,

v.

The STATE of Texas, Appellee.

No. 391–85.

Court of Criminal Appeals of Texas, En Banc.

July 2, 1986.

Jim Vollers, Austin, William R. Magnussen, William W. Chambers, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall & David K. Chapman, Asst. Dist. At-

tys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

■■■■■■■■■■■■

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

The issue before us in the instant case is identical to that in *Robbins v. State*, 717 S.W.2d 348 (1986) involving the trial court's charge to the jury on the issue of causation in an involuntary manslaughter case. A jury convicted appellant of involuntary manslaughter and assessed punishment at eight years' confinement. The Fort Worth Court of Appeals affirmed the conviction. *Crabb v. State*, 683 S.W.2d 894 (Tex.App.— Ft. Worth, 1985).

The record shows that appellant drove his automobile at an excessive speed, failed to negotiate a curve and crossed into a lane of oncoming traffic where he collided with another automobile, killing the driver of that automobile. The State offered sufficient evidence to prove that appellant was intoxicated at the time of the accident, including the results of an intoxilyzer exam which showed that about three hours after the accident appellant had a .22 blood/alcohol level. The State sufficiently showed that appellant's intoxication caused the collision and death of the victim.

Appellant's defense was that he was emotionally distraught after a heated argument with his girlfriend, and that he was speeding and lost control of the car when the brakes failed as he tried to make the curve. Appellant admitted drinking four or five drinks during the course of about 3½ hours but denied he was intoxicated.

The court charged the jury, in pertinent part:

### 1.

Our statutes provide that a person commits the offense of involuntary manslaughter if he intentionally or knowingly operates a motor vehicle while intoxicated and by reason of such intoxication causes the death of an individual through accident or mistake.

\* \* \* \* \* \*

### 4.

You are instructed that before you would be warranted in convicting the defendant of involuntary manslaughter you must find and believe from the evidence beyond a reasonable doubt that:

(a) the defendant drove a motor vehicle, to wit, an automobile in Tarrant County, Texas, on or about the 22nd day of October, 1981;

(b) the defendant, while so driving, was intoxicated, as that term is defined herein;

(c) while so driving and while intoxicated, defendant collided with Anthony Parrotti;

(d) the defendant thereby and therewith, at the time and place alleged in the indictment, did, by accident and mistake, kill the said Anthony Parrotti by so colliding with him while defendant was intoxicated;

(e) that the intoxication, if any, of defendant then and there caused or contributed to cause the death of said Anthony Parrotti; or, put another way, the defendant, by the means aforesaid and by accident or mistake, by reason of said intoxication, caused the death of Anthony Parrotti.

Unless you find all of the foregoing elements beyond a reasonable doubt, or if you have a reasonable doubt as to the existence of any of said elements, you must acquit the defendant of involuntary manslaughter.

### 5.

Now, if you believe from the evidence beyond a reasonable doubt that on or about the 22nd day of October, 1981, in Tarrant County, Texas, the defendant, Gary Bill Crabb, while intoxicated, intentionally and knowingly did drive and operate a motor vehicle, to wit an automobile, in said county and state, and did then and there and while so operating

such motor vehicle, through mistake and accident, and by reason of such intoxication, if any, kill Anthony Parrotti, by then and there driving said motor vehicle into the vehicle occupied by the said Anthony Parrotti, thereby and therewith causing the said Anthony Parrotti's death, you will find the defendant guilty of involuntary manslaughter.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of involuntary manslaughter.

6.

You are instructed that even though you believe from the evidence beyond a reasonable doubt that at the time and place mentioned in the indictment, the defendant did then and there drive and operate his motor vehicle while he was then and there intoxicated, and while so driving and operating said motor vehicle, at such time and place, he did, through accident and mistake cause the death of Anthony Parrotti, you cannot convict the defendant unless you further find from the evidence beyond a reasonable doubt that such intoxication, if any, caused the collision and death of Anthony Parrotti, if any, or contributed to cause the same.

7.

You are further instructed that if you should find and believe from the evidence beyond a reasonable doubt that the defendant was intoxicated when the automobile being driven by him if any, ran into and collided with Anthony Parrotti, if it did, still, the defendant, would not be guilty of involuntary manslaughter if his automobile was, at said time and place, operated in the manner that it should be operated by one not intoxicated, and if you find from the evidence that the motor vehicle being driving by the defendant, if it was, at said time and place, was being operated in the manner that it should be operated by one not intoxicated, or if you have a reasonable doubt thereof, you will acquit the defendant.

Appellant objected to the inclusion in the charge of the words "or contributed to cause" the death found in paragraphs 4(e) and 6, contending that such phrase lessened the State's burden of proof. Without repeating the analysis here, we hold that for the reasons explained in *Robbins*, supra, we agree with appellant that inclusion of the phrase "contributed to cause" the death is error under V.T.C.A. Penal Code, § 6.04(a).

Because we find the charge in the instant case to have been erroneous we remand the case to the Court of Appeals to review the harm to appellant according to the standard enunciated in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984).

TEAGUE, J., concurs only to the substance of the opinion and dissents to the remand.

ONION, P.J., not participating