**Robert Roy ROBBINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–83–00020–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 6, 1986.

Jim Vollers, Austin, for appellant.

William Mason, Dist. Atty., Ozona, Douglas M. Becker, Gray, Allison & Becker, Austin, for appellee.

Before STEPHEN F. PRESLAR, C.J., Ret., OSBORN, C.J., and SCHULTE, J.

OPINION ON REMAND

PER CURIAM.

This is an appeal from a conviction for involuntary manslaughter caused by driving while intoxicated. The jury assessed punishment at five years imprisonment. On original submission, this Court affirmed the conviction. *Robbins v. State,* 667 S.W.2d 318 (Tex.App.—El Paso 1984). Appellant's petition for discretionary review was initially refused by the Court of Criminal Appeals. On motion for rehearing, however, the Court granted review as to grounds of error three and four complaining of the manner in which concurrent causation was incorporated into the jury charge. In a published opinion, the Court of Criminal Appeals found that the charge was erroneous, that the charge did not comport with the liability/exoneration standards of Tex.Penal Code Ann. sec. 6.04, and that the net effect of the offending paragraphs was a lessening of the State's burden of proof. *Robbins v. State,* 717 S.W.2d 348 (Tex.Crim.App.1986). The Court of Criminal Appeals remanded the cause to this Court for an evaluation of harm under the standard enunciated in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984).

The appellate complaint was the subject of a specific trial objection couched in language identical to the conclusion of the Court of Criminal Appeals. Thus, the question is whether the error produced some harm to the Appellant or was calculated to injure his rights. Given the language utilized by the Court of Criminal Appeals, an affirmative answer to this question seems to be a foregone conclusion. We can only wonder why that Court did not reverse and remand and have done with it. It said:

> The charge permitted a conviction for involuntary manslaughter under conditions specifically forbidden by Section 6.04(a). We agree with appellant that the court's charge to the jury was erroneous as it lowered the State's burden of proof and permitted conviction in violation of Section 6.04(a).

(Court of Criminal Appeals slip opinion, p. 6). If that does not describe "some harm," we cannot envision what would. The State presented ample evidence of intoxication. The defense produced substantial evidence of fatigue. In light of the evidence produced at trial and the legal analysis formulated by the Court of Criminal Appeals, we can only conclude that the charge presents reversible error. Accordingly, Grounds of Error Nos. Three and Four are sustained.

The judgment is reversed and the cause remanded for new trial.

STEPHEN F. PRESLAR, C.J., Ret., not sitting.