Gary Bill CRABB, Appellant,

v.

The STATE of Texas, State.

No. 2–84–042–CR.

Court of Appeals of Texas,
Fort Worth.

May 6, 1987.

Discretionary Review Refused July 22, 1987.

Jim Vollers, Austin, William R. Magnussen, William W. Chambers, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., with David K. Chapman, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and
BURDOCK and LATTIMORE, JJ.

## OPINION ON REMAND

FENDER, Chief Justice.

Gary Bill Crabb's appeal of his conviction for involuntary manslaughter caused by driving while intoxicated is presented to this court on remand from the Texas Court of Criminal Appeals. On original submission, this court affirmed the conviction. *Crabb v. State,* 683 S.W.2d 894 (Tex.App.—Fort Worth 1985). The Court of Criminal Appeals granted appellant's petition for discretionary review and found the trial court erred in charging the jury to find appellant guilty if appellant's intoxication caused *or contributed to cause* the death. *Crabb v. State,* 717 S.W.2d 353, 355 (Tex. Crim.App.1986). The Court remanded the case to this court to review the harm to appellant according to the standard enunciated in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984).

We reverse and remand.

Appellant complained at trial that by including the phrase "or contributed to cause" in the charge for involuntary manslaughter, the State's burden of proof was lessened. The Court of Criminal Appeals agreed under its reasoning in *Robbins v. State,* 717 S.W.2d 348 (Tex.Crim.App.1986). Since appellant properly objected on this ground, we must remand if the error produced some harm to appellant. *Almanza,* 686 S.W.2d at 171. In a more recent decision the Court of Criminal Appeals expounded further stating:

Presumably, this Court chose the term "some" to indicate the minimum degree of harm necessary for reversal of cases involving preserved charging error. However, that term was left undefined. We now expressly find that, in the con-

text of *Almanza,* supra, and Article 36.-19, supra, the presence of *any* harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction. Cases involving preserved charging error will be affirmed only if *no* harm has occurred. *See id.* at 171 ("In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.").

*Arline v. State,* 721 S.W.2d 348, 351 (Tex. Crim.App.1986) (original emphasis) (footnote omitted). To make this determination we are required to examine relevant portions of the entire record. *Id.* at 352.

Appellant claimed that brake failure, emotional upset, and visual impairment caused the accident which resulted in another's death. The State presented ample evidence of intoxication. Appellant, on the other hand, offered substantial evidence of the possible existence of concurrent causes. Without a proper definition of concurrent causation as provided in section 6.04(a) of the Texas Penal Code, appellant would, without doubt, suffer some harm because the jury would be allowed to convict on the basis of his intoxication even though the concurrent cause was clearly sufficient and the intoxication was clearly insufficient to cause the death. TEX.PENAL CODE ANN. sec. 6.04(a) (Vernon 1974).

The only attempt to explain concurrent causation to the jury is found in the court's charge. The relevant portions of the charge are as follows:

4.

You are instructed that before you would be warranted in convicting the defendant of involuntary manslaughter you must find and believe from the evidence beyond a reasonable doubt that:

. . . .

(e) that the intoxication, if any, of defendant then and there caused or contributed to cause the death of the said Anthony Parrotti; or, put another way, the defendant, by the means aforesaid and by accident or mistake, by reason of said intoxication, caused the death of Anthony Parrotti.

Unless you find all of the foregoing elements beyond a reasonable doubt, or if you have a reasonable doubt as to the existence of any of said elements, you must acquit the defendant of involuntary manslaughter.

. . . .

6.

You are instructed that even though you believe from the evidence beyond a reasonable doubt that at the time and place mentioned in the indictment, the defendant did then and there drive and operate his motor vehicle while he was then and there intoxicated, and while so driving and operating said motor vehicle, at such time and place, he did, through accident and mistake cause the death of Anthony Parrotti, you cannot convict the defendant unless you further find from the evidence beyond a reasonable doubt that such intoxication, if any, caused the collision and death of Anthony Parrotti, if any, or contributed to cause the same.

7.

You are further instructed that if you should find and believe from the evidence beyond a reasonable doubt that the defendant was intoxicated when the automobile being driven by him, if any, ran into and collided with Anthony Parrotti, if it did, still, the defendant would not be guilty of involuntary manslaughter if his automobile was, at said time and place, operated in the manner that it should be operated by one not intoxicated, and if you find from the evidence that the motor vehicle being driven by the defendant, if it was, at said time and place, was being operated in the manner that it should be operated by one not intoxicated, or if you have a reasonable doubt thereof, you will acquit the defendant.

Standing alone, paragraphs 4(e) and 6 clearly establish some harm to appellant because they fail to properly explain concurrent causation. *Robbins v. State,* 716 S.W.2d 117, 118 (Tex.App.—El Paso 1986,

no pet.) (per curiam) (opinion on remand). The State argues, however, that paragraph seven is the equivalent of a proper concurrent causation charge even though it does not track the language of section 6.04(a). The error, the State therefore concludes, is harmless.

■ We do not agree. Paragraph seven instructs the jury to acquit even though they find appellant was intoxicated, if they also find he operated his vehicle "in the manner that it should be operated by one not intoxicated...." In other words, the jury should acquit only if they find that appellant's intoxication made *no* contribution to the accident. Such is not a proper application of the concurrent charge definition in section 6.04(a) and only compounds the error. As no other attempt was made to explain concurrent causation to the jury, we find that appellant suffered some harm from the error in the court's charge. Appellant's point of error is sustained.

The cause is reversed and remanded for a new trial.